UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 24–265 (TNM) |
| v. | : | |
| | : | |
| ROBERT P. BURKE, | : | |
| | : | |
| YONGCHUL "CHARLIE" KIM, and | : | |
| | : | |
| MEGHAN MESSENGER, | : | |
| | : | |
| Defendants. | : | |

## CONSENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court to exclude the time within which the trial in the above-captioned case must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, until July 1, 2024, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(B). In support of its motion, the government states as follows:

On May 30, 2024, a federal grand jury sitting in the District of Columbia returned an indictment charging the defendants with multiple felony offenses. ECF No. 1. The defendants were arrested the following day and made initial appearances in the districts of their arrests—the Southern District of New York (Defendants Kim and Messenger) and the Southern District of Florida (Defendant Burke). A magistrate judge sitting in the Southern District of New York ordered time excluded under the Speedy Trial Act until July 1, 2024, as to Kim and Messenger. *See United States v. Kim*, Case No. 24-mj-2106, ECF No. 2 (May 31, 2024); *United States v. Messenger*, Case No. 24-mj-2109, ECF No. 2 (May 31, 2024). The magistrate judge sitting in

the Southern District of Florida did not exclude time. *See United States v. Burke*, Case No. 24-mj-3054.

The time limits established by the Speedy Trial Act will likely not afford the defendants adequate time to review discovery and prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). The government is prepared to produce substantial discovery upon the entry of a protective order. A motion including a proposed protective order is currently pending before this Court. *See* ECF No. 12.[1] The government's initial discovery productions will exceed 100 gigabytes of material. Further, Kim and Messenger are seeking but have yet to obtain permanent trial counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Each defendant, through current counsel, has consented to the exclusion of time under the Speedy Trial Act through July 1, 2024, when an arraignment hearing before this Court is set.[2] For these reasons, the ends of justice are served by the exclusion of time and outweigh the best interests of the public and the defendants in a speedy trial.

---

[1] As noted in the Motion for Protective Order, Burke has consented to the proposed protective order. The government will seek the position of Kim and Messenger upon their retention of permanent counsel.

[2] The Court has set this date for Burke's arraignment. Kim and Messenger have also requested to be arraigned on July 1, 2024, and will confirm availability once they engage permanent counsel.

WHEREFORE, the government respectfully requests that this Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, until July 1, 2024, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(B).

|  |  |
|---|---|
|  | Respectfully submitted, |
| MATTHEW M. GRAVES<br>UNITED STATES ATTORNEY<br>D.C. Bar No. 481052 | COREY R. AMUNDSON<br>Chief, Public Integrity Section<br>U.S. Department of Justice |
| By: /s/<br>Joshua Rothstein<br>Assistant United States Attorney<br>NY Bar Number 4453759<br>601 D Street N.W.<br>Washington, DC 20530<br>Office: (202) 252-4490 | /s/<br>Trevor Wilmot<br>Kathryn E. Fifield<br>Trial Attorneys<br>1301 New York Ave. NW<br>Washington, D.C. 20530<br>Office: (202) 514-1412 |