UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America<br><br>v.<br><br>Robert P. Burke,<br><br>Yongchul "Charlie" Kim, and<br><br>Meghan Messenger,<br><br>　　　　Defendants. | Case No. 1:24-cr-00265-TNM |

**JOINT MOTION TO MODIFY BRIEFING SCHEDULE BY DEFENDANTS YONGCHUL "CHARLIE" KIM AND MEGHAN MESSENGER**

Defendants Charlie Kim and Meghan Messenger (the "Movants") jointly move to modify their briefing schedule to align with co-defendant Robert P. Burke's briefing schedule as to two motions *in limine* filed by the government (ECF 69, 70). Adm. Burke's opposition briefs are due on December 20, 2024, and the government's reply briefing is due on January 17, 2025. Because the Movants' trial has been severed, pretrial motions in their case are due on February 28, 2025; opposition briefs are due March 21, 2025; and reply briefs are due on April 4, 2025. However, the issues raised in the government's two motions *in limine* in Adm. Burke's case also relate directly to the Movants' trial. So that the Court's ruling on these common issues can take into account the Movants' views, the Movants

1

respectfully request to submit briefing on the same schedule as Adm. Burke. The government opposes this relief.

The two motions at issue are (1) a motion to admit out-of-court statements made by the Movants under Rule 801(d)(2)(E) (ECF 69); and (2) a sealed motion to exclude impeachment evidence concerning a key witness who will almost certainly testify in both trials (ECF 70).

As the Court recognized during the last status conference, judicial efficiency interests support a joint briefing schedule as to issues that are common to both trials. *See* Tr. (Transcript of November 22, 2024 Status Conference) at 12:9-10. Fairness and due process interests also support a joint briefing schedule here. Although the Court is not "necessarily b[ound] in ruling on Admiral Burke's case as to" the Movants, *id.* at 12:6-8, as a practical matter, the Court's initial ruling as to Adm. Burke's trial will become the law of the case and will be difficult to overcome. Given the stakes, the Court's ruling on these joint issues should reflect all parties' views.

The basis for the government's opposition to this relief is that it is too busy to file replies to the Movants' arguments while it prepares for Adm. Burke's trial. *See id.* at 13:1-5 ("[F]or them to now come in and say that the Government should be expected to respond to all these different issues at one time, it just simply wouldn't give us enough time to adequately prepare for trial and sufficient respond to all of the motions."). But given that the government has "significant resources" and is

"very well-staffed," *id.* at 15:13-14, it should be able to file reply briefs a month from now on two motions that control critical aspects of the Movants' trial the same as Adm. Burke's trial.

As to the Rule 801(d)(2)(E) motion (ECF 69), the Court's ruling as to the scope of the charged conspiracy and statements allegedly made in furtherance of that conspiracy clearly implicates the Movants' trial on the same conspiracy charge. The Movants should be heard before the Court rules on whether *their* statements are admissible under Rule 801(d)(2)(E). And as to the impeachment motion (ECF 70), the relevant witness will be the government's key witness in both trials. Again, the Movants should be heard before the Court rules on the scope of cross-examination. The government's workload—as to two reply briefs a month from now—should not outweigh the Court's interests in judicial economy and reaching the right result with the benefit of all parties' views, or the Movants' fairness and due process interests.

For these reasons, the Movants respectfully request that the Court (1) set a December 20, 2024, deadline for the Movants to respond to the two motions *in limine* filed by the government (ECF 69, 70) and (2) require the government file reply briefing no later than January 17, 2025.

Respectfully submitted,

DATED December 16, 2024                    /s/ William A. Burck
                                William A. Burck

| | |
|---|---|
| Rocco F. D'Agostino (Bar No. NY0592)<br>445 Hamilton Ave., Suite 605<br>White Plains, NY 10601<br>Tel: (914) 682-1993<br><br>*Counsel for Defendant Meghan Messenger* | William A. Burck (DC Bar No.: 979677)<br>Avi Perry (DC Bar No. 90023480)<br>Rachel G. Frank (DC Bar No.: 1659649)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C.  20005<br>Tel: (202) 538-8000<br>Fax: (202) 538-8100<br>williamburck@quinnemanuel.com<br>aviperry@quinnemanuel.com<br>rachelfrank@quinnemanuel.com<br><br>Christopher Clore (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>295 Fifth Ave.<br>New York, NY 10016<br>Tel: (212) 849-7000<br>Fax: (212) 849-8100<br>christopherclore@quinnemanuel.com<br><br>*Counsel for Defendant Yongchul "Charlie" Kim* |