```
                       UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA

   * * * * * * * * * * * * * * *  )
   UNITED STATES OF AMERICA,       )    Criminal Action
                                   )      No. 24-00265
              Plaintiff,           )
                                   )
     vs.                           )
                                   )
   ROBERT P. BURKE, YONGCHUL       )    Washington, D.C.
   "CHARLIE" KIM and MEGHAN        )    July 1, 2024
   MESSENGER,                      )    11:30 a.m.
                                   )
              Defendants.          )
                                   )
   * * * * * * * * * * * * * * *  )



         TRANSCRIPT OF ARRAIGNMENT AND STATUS CONFERENCE
            BEFORE THE HONORABLE TREVOR N. McFADDEN
                 UNITED STATES DISTRICT JUDGE


   APPEARANCES:

   FOR THE GOVERNMENT:      KATHRYN E. FIFIELD, ESQ.
                            TREVOR C. WILMOT, ESQ.
                            U.S. DEPARTMENT OF JUSTICE
                            1301 New York Avenue, Northwest
                            Suite 1000
                            Washington, D.C. 20530

                            JOSHUA S. ROTHSTEIN, ESQ.
                            UNITED STATES ATTORNEY'S OFFICE
                              FOR THE DISTRICT OF COLUMBIA
                            601 D Street, Northwest
                            Washington, D.C. 20530


   FOR THE DEFENDANT        TIMOTHY PARLATORE, ESQ.
             BURKE:         ANTOINETTE QUINN-O'NEILL, ESQ.
                            PARLATORE LAW GROUP, LLP
                            260 Madison Avenue
                            17th Floor
                            New York, New York 10016
```

```
 1    APPEARANCES, CONT'D:

 2    FOR THE DEFENDANTS       WILLIAM A. BURCK, ESQ.
      KIM AND MESSENGER:       AVI PERRY, ESQ.
 3                             QUINN, EMANUEL, URQUHART & SULLIVAN
                               1300 I Street, Northwest
 4                             Suite 900
                               Washington, D.C. 20005
 5

 6    REPORTED BY:             LISA EDWARDS, RDR, CRR
                               Official Court Reporter
 7                             United States District Court for the
                                 District of Columbia
 8                             333 Constitution Avenue, Northwest
                               Room 6706
 9                             Washington, D.C. 20001
                               (202) 354-3269
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1           THE COURTROOM DEPUTY:  Your Honor, this is
2    Criminal Case 24-265, the United States of America versus
3    Robert P. Burke, Yongchul "Charlie" Kim and Meghan
4    Messenger.
5           Counsel, please come forward to identify
6    yourselves for the record, starting with the Government.
7           MS. FIFIELD:  Good morning, your Honor.  Kathryn
8    Fifield, trial attorney on behalf of the United States.
9    With me at co-counsel are AUSA Josh Rothstein and trial
10   attorney Trevor Wilmot.
11          THE COURT:  Good morning, folks.
12          MR. ROTHSTEIN:  Good morning.
13          MR. PARLATORE:  Good morning, your Honor.  Timothy
14   Parlatore for Admiral Burke.  I'm joined by Antoinette
15   O'Neill.
16          MR. BURCK:  Your Honor, William Burck for Mr. Kim.
17   Also with me at counsel table is Avi Perry, who has handed
18   up his notice of appearance just a moment go.
19          Your Honor, also, Ms. Messenger, she is planning
20   to retain or has retained Mr. Rocco D'Agostino.  His *pro hac*
21   and his notice of appearance are pending at the moment.  And
22   so he will -- we expect that with the Court's leave that he
23   will actually be able to make the notice later today.
24          For purposes of this arraignment, your Honor --
25   and I've discussed this with the Government -- we would

1    propose that I could represent both Defendants, Mr. Kim and
2    Ms. Messenger, for purposes only of the arraignment.
3                THE COURT:  And that's acceptable to you,
4    Ms. Messenger?
5                DEFENDANT MESSENGER:  Yes, your Honor.
6                THE COURT:  Thank you.  I appreciate you doing
7    that, Mr. Burck.
8                My apologies to everyone for the delay.  I had an
9    unexpected attorneys' admission ceremony this morning and
10   then the last hearing went longer than I expected.  So sorry
11   to you all for that.
12               I believe we need to arraign the Defendants,
13   Ms. Chaclan.
14               THE COURTROOM DEPUTY:  Mr. Robert Burke, please
15   come forward with counsel.
16               And, sir, this will be directed to you, but your
17   attorney can answer for you.
18               In Criminal Case 24-265, in which you are charged
19   by an indictment on Count 1, conspiracy; Count 3, bribery;
20   Count 4, acts affecting a personal financial interest; and
21   Count 5, concealment of material facts, do you waive the
22   formal reading of the indictment and how do you wish to
23   plead?
24               MR. PARLATORE:  Yes.  We waive formal reading.
25   And on behalf of Admiral Burke, the Defendant pleads not

1    guilty.

2              THE COURT: Thank you.

3              THE COURTROOM DEPUTY: Mr. Yongchul "Charlie" Kim,

4    in Criminal Case 24-265, in which you are charged by an

5    indictment on Count 1, conspiracy, and Count 2, bribery, do

6    you waive the formal reading of the indictment and how do

7    you wish to plead?

8              MR. BURCK: Yes. Mr. Kim waives the formal

9    reading of the indictment and he pleads not guilty.

10             THE COURT: Thank you, Mr. Kim.

11             THE COURTROOM DEPUTY: And, Ms. Meghan Messenger,

12   in Criminal Case 24-265, in which you are charged by

13   indictment on Count 1, conspiracy, and Count 2, bribery, do

14   you waive the formal reading of the indictment and how do

15   you wish to plead?

16             MR. BURCK: Yes. Ms. Messenger waives the formal

17   reading of the indictment and pleads not guilty.

18             THE COURT: Thank you, Ms. Messenger.

19             And pursuant to the Due Process Protections Act,

20   the Court orders that all Government counsel should review

21   their disclosure obligations under *Brady versus Maryland* and

22   its progeny as set forth in Local Criminal Rule 5.1 and

23   comply with those provisions.

24             The failure to comply can result in dismissal of

25   the indictment or information, dismissal of individual

1   charges, exclusion of Government evidence or witnesses,
2   continuances, bar discipline or other remedy that is just
3   under the circumstances.  I'll also be entering a minute
4   order to that effect.
5            Ms. Fifield, where do things stand?
6            MS. FIFIELD:  Your Honor, the Government is asking
7   today for a continuance of 60 days and a status hearing 60
8   days out sometime after Labor Day.
9            The Government has produced substantial discovery
10  to Defendant Burke pursuant to the protective order entered
11  by this Court.
12           The protective order has not been entered as to
13  Mr. Kim and Ms. Messenger.  If those Defendants consent to
14  the Government's standard protective order, which is what
15  has been entered as to Mr. Burke, we will be prepared to
16  produce discovery to them very shortly.
17           And we are requesting a status hearing 60 days out
18  to give the Defendants the opportunity to review the
19  discovery and ascertain how much time they will need to
20  prepare for trial.
21           THE COURT:  Are you expecting to be making plea
22  offers here?
23           MS. FIFIELD:  We have not made formal -- we have
24  not engaged in formal plea discussions as of yet.  We expect
25  that those conversations may occur closer to trial once the

```
1    trial date has been set.
2              THE COURT:  Okay.  And are you expecting to file a
3    complex trial motion -- a complex case motion?
4              MS. FIFIELD:  No.
5              THE COURT:  Okay.  Thank you.
6              Mr. Parlatore?
7              MR. PARLATORE:  Yes, your Honor.
8              THE COURT:  Any objections to any of that or
9    anything you wish to add or subtract?
10             MR. PARLATORE:  Just that Admiral Burke is hoping
11   to get a trial date.  We were talking about -- with the
12   Government about perhaps mid-April of next year.
13             And we have gotten the first set of discovery.
14   We've gotten it from the discovery vendor right now.  But it
15   does seem to be a relatively simple case, albeit with some
16   voluminous discovery.
17             We will probably want a motions schedule.  I'm not
18   sure yet until we go through discovery, but I see a
19   potential severance motion here.  But otherwise, Admiral
20   Burke does intend to go to trial in this matter.
21             THE COURT:  Okay.
22             MR. PARLATORE:  And I have been in regular contact
23   with the Government since well before the arrest.  So we've
24   had a very good communicative relationship up until now.
25             THE COURT:  Great.  That's good to hear.
```

1        Ms. Fifield, you're seeking to toll the speedy
2   trial clock, I take it.
3            MS. FIFIELD:  That's correct, your Honor.
4            THE COURT:  Any --
5            MS. FIFIELD:  If I may.
6        After conferring with my co-counsel, I just wanted
7   to clarify that, given the amount of discovery in this case,
8   we may file a complex case motion.
9            THE COURT:  Okay.  So, Mr. Parlatore, your
10  position on the speedy trial clock?
11           MR. PARLATORE:  We consent to that, your Honor.
12           THE COURT:  Thanks.
13           MR. PARLATORE:  I do have a couple of points.
14           THE COURT:  Go ahead.
15           MR. PARLATORE:  Conditions of release.  I don't
16  know if you want me to address those now or later.
17           THE COURT:  Sure.
18           MR. PARLATORE:  My client was originally -- your
19  Honor, he made his initial appearance down in the Southern
20  District of Florida back on -- I believe it was May 31st.
21  At that time, the magistrate released him, imposed certain
22  conditions.
23       And there's two of them that I wanted to address
24  here with the Court.  One, at the time the Government
25  recommended release on recognizance or zero personal

1  security bond.  Down in Florida, they don't do that.  So the
2  judge had ordered a $10,000 bond.  So I wanted to inquire if
3  your Honor would be willing to vacate that.
4              THE COURT:  So vacating the $10,000 bond.
5              MR. PARLATORE:  The other issue is one of the
6  standard conditions of no contact with witnesses except
7  through counsel, with the Government to provide the list.
8              We have received the list; and it is
9  overinclusive.  Well, it lists -- let's not say that.  It's
10 very inclusive.  It includes a lot of flag officers that
11 Admiral Burke hired as a four-star admiral.  It includes
12 basically all of the flag officers with whom he dealt with
13 and socialized at the time, and some of whom are his close
14 friends that are marginal and unlikely witnesses in this
15 case.
16             I have spoken with the Government about this.
17 They don't have an objection to him speaking to them about
18 things unrelated to the case.  Just given the specific
19 language in the order, I just wanted to raise that with your
20 Honor, that as to the certain witnesses that he can
21 communicate with them, just not about the case.
22             THE COURT:  So you're proposing that the release
23 order be amended to say not to discuss matters related to
24 the case?
25             MR. PARLATORE:  Correct.

1        THE COURT: Anything else, sir?
2        MR. PARLATORE: No, your Honor.
3        THE COURT: Thank you.
4        Mr. William Burck?
5        MR. BURCK: Thank you, your Honor.
6        I will be speaking for both Ms. Messenger and
7    Mr. Kim --
8        THE COURT: Yes.
9        MR. BURCK: -- for purposes of this proceeding.
10       Your Honor, I think with respect to -- we have no
11   objection to the speedy trial waiver.
12       We do request a speedy trial in this case. I
13   think our clients would prefer to have a trial before the
14   end of this year, if possible, of course depending on the
15   Court's schedule. We understand the discovery is quite
16   voluminous in this case, but we also understand from the
17   Government that the actual trial, the case in chief of the
18   Government, may be no more than seven to ten days, total.
19       So our request at this point is to potentially set
20   a trial date that would be sometime this year. We
21   understand there's an issue for the Government in terms of
22   January through April of next year, a personal issue that is
23   not -- that we have absolutely no intention of trying to
24   interfere with that.
25       But we would request something that would be

1     potentially late fall or early winter.
2             THE COURT: You think you'd be -- I mean,
3     Ms. Messenger doesn't even have an attorney right now. Do
4     you think --
5             MR. BURCK: Well, your Honor, we have not seen the
6     discovery yet. We think that this is a relatively
7     straightforward case. We believe that we can get through
8     the discovery in a period of 60 days before the status
9     conference.
10            We will also be making some motions. We intend to
11    make a motion to sever as well as a motion to dismiss and
12    potentially some other motions. We do expect that we could
13    get through pretrial motions in that period if it was set
14    for, say, November or December for trial.
15            THE COURT: Anything else, sir?
16            MR. BURCK: Your Honor, just a couple of points.
17            On the protective order, we have two what we think
18    are relatively minor potential edits that we have discussed
19    a bit with the Government. We're going to send them some
20    specific language later today. I've also sent it to
21    Mr. Parlatore so they can consider it. It really just
22    relates to whether or not -- if there's any privileged
23    material that's been swept up in the search warrant process
24    and how to deal with that.
25            And also, just a relatively minor issue with

1  respect to another aspect of the protective order.  We'll
2  discuss that with the Government.  If we have an agreement
3  and there's a minor amendment, I'll bring that to the Court.
4  But we think we can get that done in the next day.
5              The only other issue, your Honor, is with respect
6  to the -- both Defendants that I'm speaking for today are on
7  ROR for this case.  There's a bit of an ambiguity that we
8  see in the language about who they can speak to.
9              Both Ms. Messenger and Mr. Kim, they are limited
10 from speaking to witnesses about the case.  And we obviously
11 have a witness list.
12             We don't really have any issue with that
13 generally.  But of course both Mr. Kim and Ms. Messenger are
14 potential witnesses in the case and they are co-CEOs of this
15 company.  There's no restriction on them talking about the
16 company and that type of issue.
17             But we are concerned about them not being able to
18 speak to each other outside the presence of the lawyers
19 about the case.  And particularly -- this is an example,
20 your Honor -- there will be times when I will ask Mr. Kim to
21 get some materials or documents or understand something
22 better, and he may need to speak to Ms. Messenger about my
23 request.
24             And we think it would be inefficient and really
25 not serving the purposes for which this language is meant to

1    restrict them in those circumstances from having
2    communications with each other.
3            So we would just like a clarification that this
4    language does not bar them from speaking to one other about
5    the case so long as it's at the direction of counsel and so
6    long as it's for the service of their defense.
7            THE COURT:  Thank you, sir.
8            MR. BURCK:  Thank you, your Honor.
9            THE COURT:  Ms. Fifield, as to Defendant Burke,
10   any objection to the vacatur of the $10,000 bond?
11           MS. FIFIELD:  No objection.
12           THE COURT:  And any objection to amending the
13   release orders to allow him to speak to potential witnesses,
14   just not as to the case?
15           MS. FIFIELD:  No objection.  That's consistent
16   with the release conditions as entered against Mr. Kim and
17   Ms. Messenger in the Southern District of New York.
18           THE COURT:  And so as to them, honestly, I'm kind
19   of just inclined to vacate the prohibition on them speaking
20   to one another.  That feels very difficult to enforce, and
21   my inclination is that that's more trouble than it's worth.
22   Tell me if I am missing something here.
23           MS. FIFIELD:  Your Honor, the Government's
24   position would be the current release conditions do not
25   prohibit them from speaking to each other or collaborating

1    in preparing their defense.
2            The Government, as counsel has noted, provided a
3    preliminary witness list solely for the purpose of assisting
4    them in adhering to their release conditions.  Neither of
5    their names are included on that list.
6            THE COURT:  So you don't think it covers it?
7            MS. FIFIELD:  No.  The Government's position is
8    that the release conditions prohibit them from speaking to
9    any other witnesses, which would, for example, include
10   employees and investors of the company Next Jump.
11           THE COURT:  That makes sense to me.
12           Okay.  So I think what I'm inclined to do, A, let
13   me say, I'm granting the request to change the release
14   conditions as to Mr. Burke.
15           And as to Mr. Kim and Ms. Messenger, it doesn't
16   sound like there actually needs to be any change, but just
17   kind of a clarification that there's no prohibition on them
18   speaking to each other except to the extent they might kind
19   of run afoul of existing law on obstruction or something
20   like that.
21           MR. BURCK:  Yes, your Honor.  We have no objection
22   to that.
23           THE COURT:  So I think, given at least Mr. Kim's
24   interest in a speedy trial, my instinct would be to come
25   back in more like 30 days and plan to look at trial dates.

1                Is Mr. Burck correct that the Government is not
2      available for the first three months of the year?
3                MS. FIFIELD:  Yes.  That is correct.
4                THE COURT:  How long do you think your case in
5      chief would last, Ms. Fifield?
6                MS. FIFIELD:  I think it was Mr. Parlatore who
7      said it, but I agree it would be about seven to ten business
8      days.
9                THE COURT:  So obviously, we don't have
10     Ms. Messenger's counsel here.  I don't think we can really
11     realistically set a trial date right now.  But I'm happy to
12     try to accommodate -- at least consider whether it's
13     appropriate to set a trial date this year.  But this is not
14     the day.
15               So how about 10:30 on August 2nd for a status
16     conference?  Ms. Fifield, is the Government available?
17               MS. FIFIELD:  Yes.
18               THE COURT:  Mr. Parlatore, does that work for you?
19               MR. PARLATORE:  Yes, your Honor, it does.
20               THE COURT:  Mr. Burck, does that work for you?
21               MR. BURCK:  Yes, your Honor.
22               THE COURT:  Ms. Messenger, any reason that
23     wouldn't work for you?
24               DEFENDANT MESSENGER:  No, your Honor.
25               THE COURT:  So we'll set this for a status

1    conference at 10:30 on August 2nd.  That will be in person,
2    although, Ms. Fifield, do you have any problem with the
3    defense attorneys waiving their clients' presence?
4            MS. FIFIELD:  No.  The Government does not object.
5            THE COURT:  So you don't need to make that
6    decision now, but I expect the attorneys to be here.  The
7    Defendants, as long as they're otherwise in compliance with
8    their release conditions, don't need to appear for that.
9            So we're all on the same page, I think I would
10   expect we may well be setting a trial date then, so we
11   should just come with our calendars.
12           If you all can coordinate with Ms. Chaclan ahead
13   of time and come up with a schedule that makes sense to you,
14   that would be certainly helpful to me and probably more
15   likely to be to everyone's satisfaction.  But otherwise,
16   I'll try to look for something.  As I say, right now I do
17   have some availability late this year, although it's going
18   fast.
19           I do think it's appropriate to toll the speedy
20   trial clock until that status conference in light of the
21   significant discovery that is going over.
22           And as to Mr. Kim and Ms. Messenger, I'll just ask
23   the defense attorneys to try to respond to Ms. Fifield and
24   let's figure out the protective order quickly on that one
25   way or the other.

1                Anything further, Ms. Fifield?

2                MS. FIFIELD:  We have just one brief additional

3       matter, your Honor.

4                The Government would ask the Court to remind the

5       parties to adhere to the local rules here in D.C.,

6       specifically Rule 57.7.

7                And we'd like to note that we're not raising

8       anything at this time, but we would ask the Court to

9       admonish the Defendants; and we've already talked about the

10      release conditions a little bit, but admonish the Defendants

11      in terms of -- I believe what the release conditions say is

12      they permit global communications to investors and employees

13      and global communications sort of in the vein of status

14      updates as to the case.

15               We've seen some activity and we've received some

16      communications written by the Defendants that raise a

17      concern regarding sharing of internal company emails on

18      Twitter, sending communications which describe in detail the

19      arrest, the strength of the case against the Defendants.

20      And we would just ask the Court to caution all Defendants to

21      adhere to their release conditions.

22               THE COURT:  I'll certainly do that.  I'm not sure

23      that I understand all of the Government's concerns there.

24      But I'll just say, I had a relatively recent white-collar

25      case where a corporate executive ended up having his release

```
 1    conditions revoked partway through pretrial status because
 2    of obstructive conduct, including communications with
 3    investors.
 4              So I think all Defendants are well-represented,
 5    and I'd encourage you to make sure you're talking with your
 6    defense attorneys about the permutations of your release
 7    conditions.
 8              Ms. Chaclan, do I need to sign anything?
 9              (Confers with the courtroom deputy privately.)
10              THE COURTROOM DEPUTY:  Can the parties please
11    stand to be sworn the release conditions.
12              Do you solemnly swear or affirm that you will well
13    and truly abide by the conditions of release as imposed by
14    the Court?
15              THE COURT:  I think we only need to change them as
16    to Mr. Burke.  I think the other two Defendants --
17    Ms. Fifield, you believe the release conditions allow them
18    to talk between each other.  Correct?
19              MS. FIFIELD:  Correct.
20              THE COURT:  Mr. Burck, does that make sense to
21    you?
22              MR. BURCK:  Yes, your Honor.
23              THE COURT:  So I think, Mr. Kim and Ms. Messenger,
24    you all are excused.
25              Mr. Burck, I just need a signature from you.
```

1               MR. BURCK:  Just a moment.
2               THE COURT:  Thanks, folks.
3               MR. BURCK:  Thank you, your Honor.
4               MR. PERRY:  Thank you, your Honor.
5               THE COURT:  Sorry.  Mr. Kim and Ms. Messenger, can
6    you all hang around for just a moment?  It sounds like there
7    might be an issue with your -- the lack of forms from your
8    initial magistrate judge appearance.  I may need all three
9    of you to sign something.  So let's just wait until we get
10   Probation.
11              MS. FIFIELD:  Is the Government excused, your
12   Honor?
13              THE COURT:  Yes.
14              THE COURTROOM DEPUTY:  (Confers with Defendants
15   and defense counsel privately.)
16              THE COURT:  Thanks, folks.  See you next month.
17              MR. BURCK:  Thank you, your Honor.
18              MR. PERRY:  Thank you, your Honor.
19              (Proceedings concluded.)

**CERTIFICATE**

I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

Dated this 18th day of December, 2024.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269