UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ROBERT P. BURKE,**<br>**YONGCHUL "CHARLIE" KIM, and**<br>**MEGHAN MESSENGER,**<br><br>**Defendants.** | Case No. 1:24-cr-00265-TNM |

**YONGCHUL "CHARLIE" KIM AND MEGHAN MESSENGER'S**
**JOINT OBJECTION TO GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 51**

Defendants Yongchul "Charlie" Kim and Meghan Messenger respectfully submit this objection to the government's proposed jury instruction for Bribery, listed as No. 51 in the government's proposed jury instructions for the trial of Adm. Robert Burke. (ECF No. 102-1 at 12-16.) Defendants Kim and Messenger submit this objection now, rather than await their severed trial, to address this single, critical issue that affects both trials: what the government must prove to show a defendant acted "corruptly."[1] As a practical matter, the Court's determination of this issue with respect to Defendant Burke's trial likely will be dispositive of the issue for Defendants Kim and Messenger's trial, too.

The Court must not use the government's proposed instruction on the third element of the crime or the government's proposed definition of "corruptly" because (1) the government conflates the two separate statutory *mens rea* requirements and would effectively read the term "corruptly" out of the statute, and (2) the proposed definition of "corruptly" is hopelessly confusing and

---

[1] Defendants Kim and Messenger reserve all rights to challenge other aspects of any jury instructions at their severed trial.

1

contrary to other courts' interpretation of the term. Instead, the Court should (A) split the government's proposed third element of Bribery into two separate elements, and (B) define "corruptly" as courts have interpreted the term: to act with "consciousness of wrongdoing." Below is a redline showing changes that the Court should make to the government's proposed jury instruction for Bribery:

> 51. Bribery
>
> Count Three of the Indictment charges the Defendant, Robert P. Burke, with bribery. Title 18, United States Code, Section 201(b)(2) makes it a crime to bribe a public official, or for a public official to accept a bribe. For you to find the Defendant guilty, the Government must prove each of the following beyond a reasonable doubt:
>
> 1. The Defendant, directly or indirectly demanded, sought, received, accepted, or agreed to accept any thing of value;
>
> 2. At the time, the Defendant was a public official. The term "public official" includes an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof; ~~and~~
>
> 3. The Defendant acted corruptly~~;~~<ins>;</ins> and
>
> 4. <ins>that is, he</ins><ins>The Defendant</ins> intended that, in exchange for the thing of value, he would be influenced in the performance of an official act.
>
> Corruptly – Defined
>
> T<ins>o act</ins>~~he term~~ "corruptly," as used in these instructions, means <ins>to act with consciousness of wrongdoing</ins>~~having an improper, wrongful motive or purpose. The motive to act corruptly is ordinarily a hope or an expectation of either prohibited financial gain or other benefit to oneself or some prohibited profit or benefit to another. A public official acts corruptly if the public official demands, seeks, receives, accepts, or agrees to accept something of value with the understanding, at least in part, that, in exchange, the public official is expected to be influenced in the performance of an official act~~.

## ARGUMENT

Although Defendants Kim and Messenger are charged with violating a different subsection of 18 U.S.C. § 201 than Defendant Burke, both relevant subsections require the government to prove beyond a reasonable doubt that the defendant acted "corruptly." *See* 18 U.S.C. § 201(b)(1), (b)(2). The Supreme Court has recently explained that bribery has two distinct *mens rea* requirements: (1) that a defendant act "corruptly"; and (2) that a defendant offer or demand

anything of value in exchange for influencing or being influenced in the performance of an official act. *See Snyder v. United States*, 603 U.S. 1, 11 (2024) ("[B]ribery requires that the official have a corrupt state of mind *and* accept (or agree to accept) the payment intending to be influenced in the official act" (emphasis added)). Although *Snyder* was a prosecution under 18 U.S.C. § 666, "Congress modeled the text of § 666(a)(1)(B) for state and local officials on § 201(b)." *Id.* at 10-11. Indeed, "Section 666 shares the defining characteristics of § 201(b)'s bribery provision: the corrupt state of mind *and* the intent to be influenced in the official act." *Id.* at 11 (emphasis added). As *Snyder* makes clear, these are two separate *mens rea* requirements.

The government's proposed instruction on the third element of Bribery improperly collapses the two requirements into one by defining "corruptly" to mean that the defendant "intended that, in exchange for the thing of value, he would be influenced in the performance of an official act." (ECF No. 102-1 at 13.) The Court must reject this clearly erroneous jury instruction. To remedy the error, the Court should split the third element proposed by the government into two separate elements to ensure that the jury is properly instructed that the government must prove beyond a reasonable doubt that the defendant acted corruptly <u>and</u> that the defendant intended to be influenced in an official act, in exchange for the alleged bribe. *See Snyder*, 603 U.S. at 11 ("Section 201(b) similarly makes it a crime for federal officials to 'corruptly' accept a payment 'in return for' 'being influenced' in an official act.").

Similarly, the government's inclusion of the following language in its proposed definition of "corruptly" must be deleted, because it would likewise collapse the two *mens rea* requirements of Bribery into one:

> A public official acts corruptly if the public official demands, seeks, receives, accepts, or agrees to accept something of value with the understanding, at least in part, that, in exchange, the public official is expected to be influenced in the performance of an official act.

3

(ECF No. 102-1 at 13.)

The Court should also delete the second sentence of the government's proposed definition of "corruptly" because it is confusing and contrary to law. That sentence reads: "The motive to act corruptly is ordinarily a hope or an expectation of either prohibited financial gain or other benefit to oneself or some prohibited profit or benefit to another." (ECF No. 102-1 at 13.) But the phrase "motive to act corruptly" is hopelessly confusing and utterly unhelpful to instructing a jury on what "corruptly" means. In any event, the government's proposed example of what that motive "ordinarily" is—benefit to oneself or another—runs counter to courts' interpretation of the term "corruptly," which focuses on consciousness of wrongdoing. *See, e.g.*, *United States v. Puma*, 596 F. Supp. 3d 90, 103 (D.D.C. 2022) ("Judges in this district have construed 'corruptly' to require 'a showing of 'dishonesty' or an 'improper purpose,' or 'consciousness of [ ] wrongdoing. . . .'" (simplified)); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013) (upholding jury instructions defining "corruptly" as acting with "consciousness of wrongdoing"); *United States v. Ng Lap Seng*, 934 F.3d 110, 142 n.32 (2d Cir. 2019) (in § 666 case, affirming jury instruction that "corruptly" required "conscious wrongdoing or, as has sometimes been expressed, a bad or evil state of mind"); *Arthur Andersen, LLP v. United States*, 544 U.S. at 706 (interpreting "corruptly" in 18 U.S.C. § 1512(b) as being "normally associated with wrongful, immoral, depraved, or evil," meaning "[o]nly persons conscious of wrongdoing can be said to . . . 'corruptly persuad[e]'"); *United States v. Plume*, 110 F.4th 1130, 1133 (8th Cir. 2024) ("To 'corruptly' persuade or influence another 'means to act 'with consciousness of wrongdoing.'"); *United States v. West*, 746 F. Supp. 2d 932, 935 (N.D. Ill. 2010) (defining "corruptly" as acting "with knowledge of the unlawfulness of her actions and with the purpose of achieving a quid pro quo transaction"); 11th

Cir. Pattern Jury Instruction O5.1 Bribery of a Public Official (Apr. 15, 2024) ("To act 'corruptly' means to act knowingly and dishonestly for a wrongful purpose.").

    Finally, the Court should modify the first sentence of the government's proposed definition of "corruptly" to bring it in line with courts' interpretation of the term: to act with "consciousness of wrongdoing." *See Plume*, 110 F.4th at 1133.

**CONCLUSION**

For the foregoing reasons, Defendants Kim and Messenger respectfully object to the government's proposed jury instruction for Bribery, listed as No. 51 in the government's proposed jury instructions for the trial of Adm. Robert Burke. (ECF No. 102-1 at 12-16.) The jury instruction should (1) specify that the government must prove that the defendant acted "corruptly" and that the defendant intended to be influenced in an official act, in exchange for the alleged bribe, and (2) define the term "corruptly" to mean that the defendant acted with consciousness of wrongdoing.

Respectfully submitted,

DATED February 11, 2025

/s/ William A. Burck
William A. Burck

Rocco F. D'Agostino (Bar No. NY0592)
445 Hamilton Ave., Suite 605
White Plains, NY 10601
Tel: (914) 682-1993

*Counsel for Defendant Meghan Messenger*

William A. Burck (DC Bar No.: 979677)
Avi Perry (DC Bar No.: 90023480)
Rachel G. Frank (DC Bar No.: 1659649)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com
aviperry@quinnemanuel.com
rachelfrank@quinnemanuel.com

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of the foregoing objection was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                                            /s/ *William A. Burck*
                                                  William A. Burck (DC Bar No.: 979677)

Dated: February 11, 2025