UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**ROBERT P. BURKE,**<br>**YONGCHUL "CHARLIE" KIM, and**<br>**MEGHAN MESSENGER,**<br><br>**Defendants.** | Case No. 1:24-cr-00265-TNM |

### YONGCHUL "CHARLIE" KIM AND MEGHAN MESSENGER'S NOTICE IN SUPPORT OF THEIR OPPOSITION TO THE UNITED STATES' MOTION TO ADMIT OUT-OF-COURT STATEMENTS BY DEFENDANT ROBERT BURKE'S ALLEGED CO-CONSPIRATORS

Defendants Yongchul "Charlie" Kim and Meghan Messenger ("Movants") jointly give notice to the Court of a March 21, 2025, report of interview where the government's main witness, Person 3, informed the government that she ▮▮▮▮▮▮ and that, ▮▮▮▮▮▮ ▮▮▮▮▮▮ (Ex. 1.)[1] This revelation has an enormous impact on the government's entire case, and, in particular, it weighs heavily in favor of Movants' opposition to the government's motion to admit out-of-court statements by Defendant Burke's alleged co-conspirators, (ECF No. 69.) Movants therefore provide this notice in further support of their arguments that the government's motion to admit purported co-conspirator statements should be denied outright, or, at the very least, that the Court should hold a pretrial hearing where the government must demonstrate that it has met all the requirements of Rule 801(d)(2)(E)—in the absence of Person 3's testimony. (*See* ECF No. 92.)

---

[1] This report of interview summarized and quoted from an interview of Person 3 on March 20, 2025. (*See* Ex. 1.) The government produced the report of interview on April 4, 2025.

1

As explained in Movants' opposition papers, the government relies heavily on the expected testimony of Person 3 to establish the existence of a conspiracy and the admissibility of the proffered co-conspirator statements. (*See id.* at 2-3, 7, 10, 15-16, 21-22.) Specifically, Person 3's expected testimony about the July 23, 2021, restaurant meeting between Movants and Burke is critical to the government's ability to prove that an unlawful *quid pro quo* occurred or was agreed to. (*See id.*) And Person 3's testimony constitutes the overwhelming majority of independent evidence of the conspiracy proffered by the government, *i.e.*, evidence that is independent of the statements whose admissibility is in question. (*See id.*) Absent this critical and independent evidence, the government cannot establish the existence of a conspiracy or admissibility under Rule 801(d)(2)(E). *See United States v. Bazezew*, 783 F. Supp. 2d 160, 166 (D.D.C. 2011) (the showing under Rule 801(d)(2)(E) "must be based at least in part on some independent evidence of the conspiracy, that is, on evidence other than the statements whose admissibility is in question").

At the very least, the Court should hold a pretrial hearing where the government must demonstrate, by a preponderance of the evidence *other than Person 3's testimony*, that the government has met all the requirements of Rule 801(d)(2)(E). The government is wrong in arguing that it should be permitted to admit the alleged "co-conspirators' statements conditionally" at trial, "subject to connection at the close of the Government's case." (*See* ECF No. 107 at 9.) While that procedure may be common in this District, it should not be applied here, where the government has proffered minimal evidence of the alleged conspiracy beyond the statements themselves, and the overwhelming majority of that independent evidence—the expected testimony of Person 3—appears now to be unavailable. *See Bazezew*, 783 F. Supp. 2d at 166. In short, the government will not be able to make the connection it requests, and the risk of a mistrial is too high in the absence of a pretrial hearing.

Respectfully submitted,

DATED April 8, 2025        /s/ William A. Burck
                           William A. Burck

| | |
|---|---|
| Rocco F. D'Agostino | William A. Burck (DC Bar No.: 979677) |
| (Bar No. NY0592) | Avi Perry (DC Bar No.: 90023480) |
| 445 Hamilton Ave., Suite 605 | Rachel G. Frank (DC Bar No.: 1659649) |
| White Plains, NY 10601 | John (Fritz) Scanlon (DC Bar No.: 983169) |
| Tel: (914) 682-1993 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 1300 I Street NW, Suite 900 |
| *Counsel for Defendant Meghan Messenger* | Washington, D.C. 20005 |
| | Tel: (202) 538-8000 |
| | Fax: (202) 538-8100 |
| | williamburck@quinnemanuel.com |
| | aviperry@quinnemanuel.com |
| | rachelfrank@quinnemanuel.com |
| | fritzscanlon@quinnemanuel.com |

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of the foregoing Notice was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                                    /s/ *William A. Burck*
                                                William A. Burck (DC Bar No.: 979677)

Dated: April 8, 2025