UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | Case No. 1:24-cr-00265-TNM |
| YONGCHUL "CHARLIE" KIM, and MEGHAN MESSENGER, | |
| Defendants. | |

**YONGCHUL "CHARLIE" KIM AND MEGHAN MESSENGER'S
MOTION TO COMPEL DISCLOSURE OF
SECTION 2703(d) APPLICATION AND SUPPORTING DOCUMENTS**

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND ..................................................................................................2

ARGUMENT ...........................................................................................................................3

I.    THE APPLICATION FOR THE 2703(D) ORDER IS A JUDICIAL RECORD
      SUBJECT TO PRESUMPTIVE DISCLOSURE ................................................................3

II.   THE APPLICATION FOR THE 2703(D) ORDER MUST BE DISCLOSED
      UNDER RULE 16 ............................................................................................................5

III.  AT A MINIMUM, THE COURT SHOULD ORDER IN CAMERA REVIEW
      AND REDACTIONS OR CONDITIONED DISCLOSURE ..............................................7

IV.   MOVANTS RESERVE THEIR RIGHT TO MOVE *IN LIMINE* TO PRECLUDE
      THE GOVERNMENT FROM USING INFORMATION GATHERED
      PURSUANT TO THE 2703(D) APPLICATION AND ANY RELATED ORDERS
      OR DERIVATIVE EVIDENCE ........................................................................................7

CONCLUSION .........................................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*In re Application of the United States (Appelbaum)*,
    707 F.3d 283 (4th Cir. 2013) ................................................................................................. 3, 4

*Edward DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council*,
    485 U.S. 568 (1988) ................................................................................................................ 6

*Gov't of Virgin Islands v. Fahie*,
    419 F.3d 249 (3d Cir. 2005) ................................................................................................... 6

*In re Grand Jury Subpoenas*,
    318 F.3d 379 (2d Cir. 2003) ................................................................................................... 6

*MetLife, Inc. v. Fin. Stability Oversight Council*,
    865 F.3d 661 (D.C. Cir. 2017) ............................................................................................... 4

*In re New York Times Co.*,
    2021 WL 5769444 (D.D.C. Dec. 6, 2021) ............................................................................. 7

*Ortiz v. Fibreboard Corp.*,
    527 U.S. 815 (1999) ................................................................................................................ 6

*S.E.C. v. Am. Int'l Grp.*,
    712 F.3d 1 (D.C. Cir. 2013) ................................................................................................... 4

*Soghoian v. United States Dep't of Justice*,
    885 F. Supp. 2d 62 (D.D.C. 2012) ........................................................................................ 7

*United States v. Armstrong*,
    517 U.S. 456 (1996) ................................................................................................................ 6

*United States v. Fallen*,
    498 F.2d 172 (8th Cir. 1974) ................................................................................................. 6

*United States v. Felt*,
    491 F. Supp. 179 (D.D.C. 1979) ........................................................................................... 7

*United States v. Fernandez*,
    231 F.3d 1240 (9th Cir. 2000) ............................................................................................... 6

*United States v. Flynn*,
    411 F. Supp. 3d 15 (D.D.C. 2019) ........................................................................................ 7

*United States v. Hubbard*,
    650 F.2d 293 (D.C. Cir. 1980) ..................................................................................4

*United States v. Lloyd*,
    992 F.2d 348 (D.C. Cir. 1993) ..................................................................................5

*United States v. Marshall*,
    132 F.3d 63 (D.C. Cir. 1998) ....................................................................................5

*United States v. Slough*,
    22 F. Supp. 3d 1 (D.D.C. 2014) ...............................................................................5

*United States v. Stone*,
    394 F. Supp. 3d 1 (D.D.C. 2019) .............................................................................7

*Velsicol Chem. Corp. v. Parsons*,
    561 F.2d 671 (7th Cir. 1977) ....................................................................................6

## **Statutes**

18 U.S.C. § 201 ...........................................................................................................2, 5

18 U.S.C. § 2703(d) ..........................................................................................1, 3, 4, 7, 8

18 U.S.C. § 2705(b) ............................................................................................2, 3, 4, 5

## **Rules**

Fed. R. Crim. P. 16 ......................................................................................................1, 5, 6

## PRELIMINARY STATEMENT

Defendants Charlie Kim and Meghan Messenger ("Movants") respectfully request that this Court compel the government to disclose the application and any supporting materials it submitted ("the application") to obtain a May 27, 2025, order issued by a magistrate judge in this District pursuant to 18 U.S.C. § 2703(d) (the "2703(d) Order"). *See* Ex. A. ███████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████ The government voluntarily produced the 2703(d) Order itself in response to Movants' request after Apple notified Movants that law enforcement had requested information regarding their accounts. The government has, however, refused to produce the application on the purported basis that it "was not prepared by an agent." Ex. B. at 1.

The Court should compel the government to produce the application for two reasons. *First*, the application for the 2703(d) Order is a judicial record under controlling D.C. Circuit precedent and—absent a showing by the government that its interest in secrecy outweighs the public's interest in disclosure—it is presumptively accessible under the common law right of access. *Second*, the application is discoverable under Federal Rule of Criminal Procedure 16 because it is material to preparing Movants' defense, and the government's assertion that the application "was not prepared by an agent" is not a valid basis to refuse to produce Rule 16 discovery.

Movants therefore request that the Court compel the government to produce the application so that Movants may adequately protect their rights and prepare for trial. At the very least, Movants request that the Court order the government to submit the application to the Court *in camera* so that the Court may redact any portions that may legitimately be withheld, rather than let the government withhold the entire filing. Finally, Movants reserve their right to move *in limine*

1

to prevent the government from using at trial any evidence belatedly gathered through the 2703(d)

Order and any search warrant(s) related to it.

## FACTUAL BACKGROUND

On May 27, 2025, a magistrate judge in this District issued the 2703(d) Order ██████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████ Ex. A

at 2. ████████████████████████████████████████████████████

███████████████████████████████ *Id.* at 1.  The magistrate judge found that the

government ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████ *Id.*

Although the 2703(d) Order was filed under seal, evidently the government either did not

seek or did not obtain a non-disclosure order under 18 U.S.C. § 2705(b). ████████████████

██████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

Ex. C.

2

On June 12, 2025, counsel for Mr. Kim requested ████████████████████

███████████████████████████████████ Ex. B at 2.  Counsel for Mr. Kim noted

that the "information does not appear to be sealed, since Mr. Kim was notified." *Id.*

On June 13, 2025, the government produced to Mr. Kim a copy of the 2703(d) Order.  *Id.*

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████  Ex. D.  Counsel for Mr. Kim immediately requested the application submitted by

the government to obtain the 2703(d) Order, as well as Attachment A to the Order.  Ex. B at 1.

On June 17, 2025, the government produced Attachment A to the 2703(d) Order, but it

refused to produce the application.  *Id.*  The government stated:  "We do not intend to produce the

Application, which was not prepared by an agent."  *Id.*  The government provided no legal

authority for this position and made no showing of any need for confidentiality.  *Id.*

## **ARGUMENT**

## I.    **THE APPLICATION FOR THE 2703(d) ORDER IS A JUDICIAL RECORD SUBJECT TO PRESUMPTIVE DISCLOSURE.**

Under binding precedent in this Circuit, the application and supporting materials submitted

under 18 U.S.C. § 2703(d) are judicial records subject to presumptive disclosure.  In *In re Leopold*

*to Unseal Certain Elec. Surveillance Applications & Orders*, the D.C. Circuit held that "§ 2703(d)

motions are 'judicial records' because they [are] filed with the objective of obtaining judicial action

or relief."  964 F.3d 1121, 1129 (D.C. Cir. 2020) (quoting *In re Application of the United States*

*(Appelbaum)*, 707 F.3d 283, 291 (4th Cir. 2013)).  "Applications for electronic surveillance orders

and their supporting documents are likewise intended to influence the court, and the relevant orders

are certainly 'decisions about them.'"  *Id.* at 1128.  The court analogized Section 2703(d)

applications to "search warrant applications and supporting affidavits" and explained that "sister

circuits have held that … [they] are judicial records.  And the Fourth Circuit has held that § 2703(d) motions are 'judicial records' because they [are] filed with the objective of obtaining judicial action or relief pertaining to § 2703(d) orders."  *Appelbaum*, 707 F.3d at 291 (holding that "common law presumption of access" attaches to § 2703(d) applications).   The D.C. Circuit concurred, establishing that Section 2703(d) applications are judicial records.  964 F.3d at 1129.

Judicial records are presumptively accessible to the public and parties alike.  *See id*. at 1128 (citing *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017)).  The D.C. Circuit has held that this "important" presumption can be overcome only by a specific showing that "the government's interest in secrecy outweighs the public's interest in disclosure." *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980); *S.E.C. v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013).

As far as Movants are aware, the government has made no such showing here.  It has identified to Movants no threat to an ongoing investigation, no risk to any witness, and no sensitive techniques.  Rather, the government has simply asserted that the application was "not prepared by an agent"—which is irrelevant.

The government likewise appears to have failed to make any showing to the magistrate judge that its interest in secrecy outweighs the public's interest in disclosure.  If the government actually had such an interest, it would have sought and obtained a nondisclosure order under 18 U.S.C. § 2705(b), a step that is routinely undertaken by the government when seeking Section 2703(d) orders.  Section 2705(b) states that the government may seek an order delaying an internet service provider from notifying an accountholder of a 2703(d) order where the court "determines that there is reason to believe that notification of the existence of the ... order will result in ... destruction of or tampering with evidence; intimidation of potential witnesses; or otherwise

seriously jeopardizing an investigation.. ..." 18 U.S.C. § 2705(b). The government clearly did not or could not make a showing sufficient to satisfy the magistrate judge that any such risk was present because Apple *immediately* notified Movants of the 2703(d) Order.

Finally, the fact that the government produced the 2703(d) Order itself, despite the Order being labeled "Filed Under Seal," shows that any interest that the government may have had in secrecy has been waived.

## II.   THE APPLICATION FOR THE 2703(D) ORDER MUST BE DISCLOSED UNDER RULE 16.

Federal Rule of Criminal Procedure 16 independently requires production of the application. Rule 16(a)(1)(E)(i) mandates that the government produce documents that are "material to preparing the defense" "if the item is within the government's possession, custody, or control." The relevance threshold is met here. The 2703(d) Order states ███████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ As to materiality, the standard "is not a heavy burden." *United States v. Slough*, 22 F. Supp. 3d 1, 4 (D.D.C. 2014) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)). Reviewing the government's factual and legal justifications is essential to evaluating whether a suppression motion is warranted, to understanding the scope of the government's theory, and to identifying any inconsistencies or *Brady* material. And as to possession, the government authored the application and does not deny that it maintains a copy of it.

The government's assertion that the application is not discoverable because it was "not prepared by an agent" has no basis. Rule 16 turns on materiality and possession, not authorship. *See United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998). To the extent the government intends to invoke subsection (a)(2) of the Rule—which exempts from "discovery or inspection []

reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"— that exception definitionally covers "internal" documents only, not documents filed in court. Rule 16(a)(2) is a "work product" rule. *See, e.g.*, Fed. R. Crim. P. 16 (1975 enactment) Advisory Committee's Note D ("Rules 16(a)(2) and (b)(2) define certain types of materials ('work product') not to be discoverable."); *United States v. Armstrong*, 517 U.S. 456, 463 (1996) (stating that "under Rule 16(a)(2), [the defendant] may not examine Government work product in connection with his case"); *United States v. Fernandez*, 231 F.3d 1240, 1247 (9th Cir. 2000) ("Rule 16[(a) (2)] of the Federal Rules of Criminal Procedure recognizes the work product privilege…."); *In re Grand Jury Subpoenas*, 318 F.3d 379, 383–84 (2d Cir. 2003); *Gov't of Virgin Islands v. Fahie*, 419 F.3d 249, 257 (3d Cir. 2005); *Velsicol Chem. Corp. v. Parsons*, 561 F.2d 671, 676 (7th Cir. 1977); *United States v. Fallen*, 498 F.2d 172, 175 (8th Cir. 1974). Once the application was filed in court, it ceased to be "internal" work product, and the government should not be excused from producing it under Rule 16. If the government's logic were accepted, it would incentivize prosecutors to shield material from discovery simply by drafting it themselves and prohibiting defendants from reviewing such material. Further, interpreting Rule 16(a)(2) to restrict a defendant's access to an application would create an untenable result in which the defendant would have no access to documents about his own case while the general public would enjoy a right of access, *see supra* Section I.[1] This is plainly not how the work-product exception functions. Because the application

---

[1] Should any doubt remain, "the contours of Rule 16's exceptions should be interpreted to minimize conflict with the government's constitutional disclosure obligations under *Brady.*" *Fahie*, 419 F.3d at 257 (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 842 (1999); *Edward DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 577 (1988)).

is "material to preparing the defense" and "within the government's possession, custody, or control," it must be produced.

## III.    AT A MINIMUM, THE COURT SHOULD ORDER IN CAMERA REVIEW AND REDACTIONS OR CONDITIONED DISCLOSURE.

If the government demonstrates that limited portions of the application require protection, the Court should order *in camera* review.  Courts frequently employ that procedure when resolving similar disputes.  *See, e.g.*, *In re New York Times Co.*, 2021 WL 5769444, at *9 (D.D.C. Dec. 6, 2021) (requiring disclosure of § 2703(d) application with redactions following in camera review); *United States v. Stone*, 394 F. Supp. 3d 1, 36–37 (D.D.C. 2019) (employing in camera review for information redacted from a special counsel report); *United States v. Felt*, 491 F. Supp. 179, 182 (D.D.C. 1979) (employing in camera review for government documents implicating national interest); *United States v. Flynn*, 411 F. Supp. 3d 15, 36 (D.D.C. 2019) (employing in camera review for government reports and notes regarding defendant's interview); *Soghoian v. United States Dep't of Justice*, 885 F. Supp. 2d 62, 65–66 (D.D.C. 2012) (employing in camera review for Department of Justice documents withheld from plaintiff's Freedom of Information Act request).

The Court also may fashion protective conditions, including redaction of sensitive information or restrictions on use.  What the government may not do is assert blanket exemption from disclosure without providing a sufficient justification.

## IV.    MOVANTS RESERVE THEIR RIGHT TO MOVE *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM USING INFORMATION GATHERED PURSUANT TO THE 2703(D) APPLICATION AND ANY RELATED ORDERS OR DERIVATIVE EVIDENCE.

The government's decision to obtain the 2703(d) Order three months before trial raises a number of other concerns.  *First*, the Order covers the period from October 2023 (when federal agents first attempted to interview Movants) to December 2024 (after Movants were indicted). The government has never alleged that Movants were involved in some new uncharged bribery

scheme during that timeframe, and any evidence collection regarding the charged scheme *after* Movants learned they were under investigation and had retained counsel would encompass huge amounts of privileged material. *Second*, the timing of the 2703(d) Order (especially if it is a precursor to a search warrant) is likely to result in huge troves of discoverable information being gathered and produced on the eve of trial. Given these concerns, Movants reserve their right to move *in limine* to prevent the government from using at trial any evidence gathered through the 2703(d) Order and any search warrant(s) related to it.

## <u>CONCLUSION</u>

For the foregoing reasons, Movants respectfully request that the Court order the government to produce the Section 2703(d) application and any supporting documents, or in the alternative, conduct an *in camera* review and order redacted or conditioned disclosure as appropriate.

Respectfully submitted,

DATED July 9, 2025

/s/ *William A. Burck*
William A. Burck

Reed Brodsky (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-5334

Rocco F. D'Agostino
(Bar No. NY0592)
445 Hamilton Ave., Suite 605
White Plains, NY 10601
Tel: (914) 682-1993

*Counsel for Defendant Meghan
Messenger*

William A. Burck (DC Bar No. 979677)
Avi Perry (DC Bar No. 90023480)
Rachel G. Frank (DC Bar No. 1659649)
John (Fritz) Scanlon (DC Bar No. 983169)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C.  20005
Tel: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com
aviperry@quinnemanuel.com
rachelfrank@quinnemanuel.com
fritzscanlon@quinnemanuel.com

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing motion was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

/s/ William A. Burck
William A. Burck (DC Bar No. 979677)

Dated: July 9, 2025