UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YONGCHUL "CHARLIE" KIM, and<br>MEGHAN MESSENGER,<br><br>Defendants. | Case No. 1:24-cr-00265-TNM<br><br>**REDACTED** |

**YONGCHUL "CHARLIE" KIM AND MEGHAN MESSENGER'S JOINT RESPONSE
TO THE GOVERNMENT'S "NOTICE OF INTENT REGARDING USE OF EVIDENCE
UNDER FED. R. EVID. 404(b)" (ECF 237)**

In a filing yesterday afternoon, the government stated that it no longer seeks to offer evidence in its case-in-chief under Rule 404(b) of an uncharged alleged bribery scheme involving the Air Force, but reserves the right to seek to introduce two emails on cross-examination or in a rebuttal case. ECF No. 237. Given the government's representation, the Rule 404(b) issue is moot for now. Since it may resurface during trial, however, the Court should understand the context surrounding the government's about-face.

On July 21, 2025, the government produced to Defendants Yongchul "Charlie" Kim and Meghan Messenger a memorandum of a July 17, 2025 interview with "Senior Officer 1"—the retired Air Force Major General the government claimed in its Rule 404(b) notice that Movants tried to bribe in 2023. It appears this was the first time the prosecutors had interviewed Senior Officer 1; there is no record of the prosecutors doing so before filing their Rule 404(b) notice. The interview memorandum, which is attached as Exhibit A (filed under seal), is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.*, Ex. A ¶ 21 (noting that Senior Officer 1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); *id.* ¶ 17 (noting that Senior Officer 1 ▮▮▮▮▮▮▮

1

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████). After reviewing the interview memorandum, defense counsel asked if, in light of Senior Officer 1's exculpatory statements, the government was continuing to press its Rule 404(b) notice. The government responded by filing its revised notice.

The government did the right thing by abandoning its effort to introduce evidence of the alleged Air Force bribery scheme in its case-in-chief, since it cannot meet the preponderance standard for admission under Rule 404(b). *See United States v. Marion*, 977 F.2d 1284, 1288 (8th Cir. 1992). Evidence of this alleged scheme is not probative of anything because it never happened, which the government ████████████████████████████████████████. For the same reason, the Court should not permit the government to use the two emails in question on cross-examination or in a rebuttal case. Senior Officer 1 has told the government ███████

████████████████████████████████████████

█████ *See* Ex. A ¶¶ 21, 24. The government should not be permitted to use these emails on cross-examination or offer them through an agent as rebuttal evidence since the government knows that Senior Officer 1 ████████████████. If it does, Defendants will be compelled to call Senior Officer 1 and introduce other relevant evidence in any defense case, or seek the Court's permission to present a sur-rebuttal case, to show through Senior Officer 1's testimony that Defendants *never* ████████████████████████████████████████████████. Defendants have already begun the *Touhy* process as a precaution but have no confidence it will resolve in time. In any event, all of Defendants' arguments about the inadmissibility of the alleged Air Force bribery scheme evidence apply with equal force whether that evidence is offered in the government's case-

in-chief, on cross-examination, or in a rebuttal case. Although there is no live issue for the Court to decide now, Defendants thus preserve their right to oppose this evidence whenever it may be offered.

Respectfully submitted,

DATED July 23, 2025

 */s/ William A. Burck*
William A. Burck

| | |
|---|---|
| Reed Brodsky (*pro hac vice*) | William A. Burck (DC Bar No.: 979677) |
| GIBSON, DUNN & CRUTCHER LLP | Avi Perry (DC Bar No.: 90023480) |
| 200 Park Avenue | John (Fritz) Scanlon (DC Bar No.: 983169) |
| New York, New York 10166 | Rachel G. Frank (DC Bar No.: 1659649) |
| Work: (212) 351-5334 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| Mobile: (917) 574-8200 | 1300 I Street NW, Suite 900 |
| rbrodsky@gibsondunn.com | Washington, D.C. 20005 |
| | Tel: (202) 538-8000 |
| Rocco F. D'Agostino (*pro hac vice*) | Fax: (202) 538-8100 |
| 445 Hamilton Avenue, Suite 605 | williamburck@quinnemanuel.com |
| White Plains, NY 10601 | aviperry@quinnemanuel.com |
| Tel: (914) 682-1993 | fritzscanlon@quinnemanuel.com |
| Rdagost463@aol.com | rachelfrank@quinnemanuel.com |
| | |
| *Counsel for Defendant Meghan Messenger* | Christopher Clore (*pro hac vice*) |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 295 5th Ave |
| | New York, NY 10016 |
| | Tel: (212) 849-7000 |
| | Fax: (212) 849-8100 |
| | christopherclore@quinnemanuel.com |
| | |
| | *Counsel for Defendant Yongchul "Charlie" Kim* |

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, a copy of the foregoing Response was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                                  /s/ *William A. Burck*
                                              William A. Burck (DC Bar No.: 979677)

Dated: July 23, 2025