UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT P. BURKE,<br>YONGCHUL "CHARLIE" KIM, and<br>MEGHAN MESSENGER,<br><br>Defendants. | Case No. 1:24-cr-00265-TNM<br><br>**REDACTED** |

### YONGCHUL "CHARLIE" KIM AND MEGHAN MESSENGER'S RESPONSE TO THE GOVERNMENT'S "OPPOSITION TO DEFENDANTS' SUPPLEMENT TO THEIR JOINT MOTION TO COMPEL" (ECF 236)

Defendants Yongchul "Charlie" Kim and Meghan Messenger ("Movants") respectfully submit this brief response to the government's "Opposition to Defendants' Supplement to their Joint Motion to Compel," ECF No. 236.

*First*, the government misstates Movants' position as to why the October 14, 2022 sealed order regarding Special Agent De La Pena is in the prosecution team's files. Movants' argument is not based on the fact that the sealed order is "summarized as part of the larger court record in a report prepared by the DOD OIG OPR." ECF No. 236 at 3. Movants' argument is based on the fact that the DOD OIG OPR Report—which the prosecution team obtained and affirmatively used against Movants in opposing Movants' motion *in limine*, *see* ECF No. 201 at 22-24—states that the [REDACTED] ECF No. 202-1 at 9, n.13 & Ex. A. Because the government could and did obtain and use the DOD OIG OPR Report, the government can and should obtain the [REDACTED] Movants' argument is not "flawed." *See* ECF No. 236 at 5. It is the government that seeks to have its cake and eat it too.

1

*Second*, the government's argument that the sealed order is not material, *see* ECF No. 236 at 5, fundamentally mistakes the low bar for materiality in criminal discovery. The D.C. Circuit has consistently emphasized that "the materiality standard normally 'is not a heavy burden.'" *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (quoting *United States v. George*, 786 F. Supp. 56, 58 (D.D.C. 1992)). Evidence is material to preparing the defense "as long as there is a strong indication that it will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" *Id.* (quoting *United States v. Felt*, 491 F. Supp. 179, 186 (D.D.C. 1979)).

The government's narrow view contradicts the fundamental principle that discovery rules are "designed to provide to a criminal defendant, in the interest of fairness, the widest possible opportunity to inspect and receive such materials in the possession of the government as may aid him in presenting his side of the case." *United States v. Poindexter*, 727 F.Supp. 1470, 1473 (D.D.C. 1989); *United States v. Libby*, 429 F. Supp. 2d 1, 5 (D.D.C. 2006) (same).

Here, the ▮▮▮▮▮▮▮▮▮▮▮▮ directly addresses judicial findings regarding Special Agent De La Pena's conduct in a related investigation. Such findings clearly satisfy the low materiality threshold because they would aid in witness preparation and impeachment should Special Agent De La Pena testify. The Supreme Court has made clear that "[i]mpeachment evidence, ... as well as exculpatory evidence, falls within the *Brady* rule." *United States v. Bagley*, 473 U.S. 667, 676 (1985). Moreover, "courts in this jurisdiction look with disfavor on narrow readings by prosecutors of the government's obligations under *Brady*." *United States v. Edwards*, 191 F. Supp. 2d 88, 90 (D.D.C. 2002).

The government's attempt to limit discovery based on whether Special Agent De La Pena will be called in its case-in-chief is misplaced. The materiality analysis does not turn on the

government's current trial strategy, which can change, but rather on whether the evidence would aid Movants in witness preparation or assist in impeachment or rebuttal. *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998). A judicial order addressing the lead investigator's conduct clearly meets this standard, as it provides crucial impeachment material should that investigator testify in any capacity, including if Movants call Special Agent De La Pena to testify about the integrity of the investigation and investigative steps that were *not* taken.

The materiality standard requires only a "reasonable probability" that disclosure would affect the outcome of the proceeding. *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999). Given the potential impeachment value of a court's findings regarding the investigating agent's conduct, the sealed order easily satisfies this low threshold.

Respectfully submitted,

DATED July 24, 2025                     /s/ William A. Burck
                                        William A. Burck

| | |
|---|---|
| Reed Brodsky (*pro hac vice*) | William A. Burck (DC Bar No. 979677) |
| GIBSON, DUNN & CRUTCHER LLP | Avi Perry (DC Bar No. 90023480) |
| 200 Park Avenue | John (Fritz) Scanlon (DC Bar No. 983169) |
| New York, New York 10166 | Rachel G. Frank (DC Bar No. 1659649) |
| Work: (212) 351-5334 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| Mobile: (917) 574-8200 | 1300 I Street NW, Suite 900 |
| | Washington, D.C.  20005 |
| *Counsel for Defendant Meghan Messenger* | Tel: (202) 538-8000 |
| | Fax: (202) 538-8100 |
| | williamburck@quinnemanuel.com |
| | aviperry@quinnemanuel.com |
| | fritzscanlon@quinnemanuel.com |
| | rachelfrank@quinnemanuel.com |

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of the foregoing Response was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                              */s/ William A. Burck*
                                              William A. Burck (DC Bar No. 979677)

Dated: July 24, 2025