UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YONGCHUL "CHARLIE" KIM, and MEGHAN MESSENGER,<br><br>　　　　Defendants. | Case No. 1:24-cr-00265-TNM |

**NEXT JUMP, INC.'S MOTION TO INTERVENE**

i

Third-party movant Next Jump, Inc. ("Next Jump") respectfully submits this Motion to Intervene for the limited purpose of asserting privilege over documents and information that the government has obtained from one of Next Jump's previous lawyers in connection with this criminal prosecution.  To assert its privilege and seek associated relief, Next Jump seeks to file a joint motion with Defendants Yongchul "Charlie" Kim and Meghan Messenger styled as an "Opposition to the Government's Supplemental Motion *in Limine* (ECF 219) and Cross-Motion to Quash Trial Subpoena, Exclude Privileged Evidence, and for Sanctions," ("Opposition and Cross-Motion").

Next Jump should be permitted to intervene in this matter for the limited purpose of opposing the government's motion and seeking related relief.  "[I]t is settled law that persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings." *United States v. Martoma*, 962 F. Supp. 2d 602, 605 (S.D.N.Y. 2013) (quoting *United States v. RMI Co.*, 599 F.2d 1183, 1186 (3d Cir. 1979)).  "A third-party's reasonable assertion of privilege with respect to documents to be produced in a criminal action is sufficient grounds on which to grant the third-party's motion to intervene and to consider the merits of that party's application." *Id*. at 605–06; *see also United States v. Cuthbertson*, 651 F.2d 189, 193 (3d Cir. 1981) ("[A] third party may intervene in a criminal trial to challenge production of subpoenaed documents on the ground of privilege and may appeal from an order granting less protection than that claimed."); *United States v. Crawford Enterprises, Inc.*, 735 F.2d 174, 176 (5th Cir. 1984) ("As a general proposition, persons or corporations which are adversely affected by the disclosure of privileged material have the right to intervene, assuming standing, in pending criminal proceedings to seek protective orders."); *United States v. Milton*, 626 F. Supp. 3d 694, 699–700 (S.D.N.Y. 2022) (similar); *United States v. Bergonzi*, 216 F.R.D. 487, 492 (N.D. Cal. 2003) (similar)

1

For the foregoing reasons and those detailed in the contemporaneously filed Opposition and Cross-Motion, Next Jump respectfully requests that the Court permit it to intervene for the limited purpose of filing the Opposition and Cross-Motion—as well as any other matters related to Next Jump's privilege that may arise.

Respectfully submitted,

DATED July 30, 2025                     /s/ Haejin Shim
                                        Haejin Shim

                                        Haejin Shim (*pro hac vice* pending)
                                        SHIM & ASSOCIATES, P.C.
                                        1270 Broadway #305
                                        New York, NY 10001
                                        Work: (201) 482-0749
                                        hshim@shimassociates.com

                                        *Counsel for Next Jump, Inc.*

2

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of the foregoing motion was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                               */s/ Haejin Shim*
                                               Haejin Shim

Dated: July 30, 2025