UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

        Plaintiff,

        v.

YONGCHUL "CHARLIE" KIM, and
MEGHAN MESSENGER,

        Defendants.

Case No. 1:24-cr-00265-TNM

**YONGCHUL "CHARLIE" KIM AND MEGHAN MESSENGER'S RESPONSE TO THE
GOVERNMENT'S "MOTION IN LIMINE TO PRECLUDE
DEFENDANTS FROM INADMISSIBLE EVIDENCE AND ARGUMENT
ABOUT ATTORNEY INVOLVEMENT" (ECF NO. 288)**

The government seeks to exclude non-privileged evidence of the Defendants' transparency and good faith—the very evidence that rebuts the essential "corrupt" mental state element they must prove. Having had their objection during opening statements overruled, the government now seeks a second bite at the apple through this motion *in limine*. The motion must be denied to preserve the Defendants' constitutional right to present non-privileged evidence on an essential element of the charged offenses. Courts cannot exclude "important defense evidence" unless such exclusion serves "legitimate interests." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006).

The evidence does not improperly inject an advice of counsel defense into this case. Indeed, the single document that the Defendants intend to admit at this time—Exhibit 1—is not privileged and shows that the Defendants were not seeking legal advice at all.[1] They were simply updating two lawyers on developments at Next Jump, just as the Defendants updated their investors and many others.

The Defendants will only seek to admit DX 442R, DX 444R, and DX 621R should one or both Defendants take the stand. Accordingly, the Court need not resolve the admissibility of those exhibits at this juncture. Should the Defendants seek to admit those exhibits while on the stand, the Defendants' counsel will elicit on direct testimony that the Defendants were not seeking legal advice, and the Defendants will be subject to cross examination on the issue.

## ARGUMENT

The government's motion fails because factual communications with attorneys are not *per se* privileged, and the Defendants do not rely on any legal advice to support their defense. Rather, the evidence the government seeks to exclude is essential to rebut the "corrupt" mental state element, and it demonstrates the Defendants' transparency rather than secretive conduct. Simply

---

[1]   Exhibit 1 is the complete version of the DX 434 email chain.

put, the Defendants informed everyone, including lawyers from one of the largest law firms in the

world, of their dealings with Adm. Burke because the Defendants did not believe they were doing

anything wrong.

## I.    EXHIBIT 1 IS NOT PRIVILEGED AND DOES NOT PRESENT ADVICE-OF-COUNSEL CONCERNS

Defendants seek to admit non-privileged evidence showing that they shared information

with attorneys as part of their routine business transparency, which requires no privilege waiver

and raises no advice-of-counsel concerns.

### A.    Exhibit 1 Is Not Privileged Because Defendants Did Not Seek Legal Advice

As the government has recognized previously in this case, an attorney "can wear many

different hats" and "[j]ust because" an attorney "may have provided legal advice to Next Jump at

some point, does not mean that he was providing legal advice" in a different context.  ECF 283 at

2; *see also* ECF 276 at 6 ("Sometimes [attorneys] are providing legal advice, and sometimes—like

these circumstances—they are not.").    Among other things, for privilege to attach, the

communication must have been for the purpose of obtaining legal advice.  *In re Sealed Case,* 737

F.2d 94, 98-99 (D.C. Cir. 1984).

It is apparent from the face of Exhibit 1 that the email was not sent for the purpose of

obtaining legal advice and no legal advice was received.  Mr. Kim's email simply states: "Pat/Jeff

– wanted to give you guys an update... I don't know what happened but it's like a nuclear bomb

went off in our inbox...want to keep you as partners updated so sharing what we just sent to our

investors... " Ex. 1.  Patrick Rideout responded with congratulations and words of encouragement.

No language in the exchange requests legal advice or reflects legal advice.  It is a simple business

update, sharing the same information that the Defendants contemporaneously shared with investors, family, and employees, and congenial response.[2]

To the extent that the government seeks to characterize Exhibit 1 as privileged simply because the email reflects that the recipients are lawyers, that argument fails. Courts have consistently held that the attorney-client privilege "does not extend to the structure and framework of the attorney client relationship." *In re Application for Subpoena to Kroll*, 224 F.R.D. 326, 328-29 (E.D.N.Y. 2004). The fact that Exhibit 1 shows Defendants emailing individuals with Skadden email addresses does not establish any privileged relationship and reveals no more than what would be in a privilege log—which is of course not privileged. *See Spencer-Smith v. Ehrlich*, 2024 WL 4416581, at *11 n.9 (S.D.N.Y. Oct. 4, 2024) ("the mere fact that an attorney-client relationship exists ... [is] not privileged").

**B.     Exhibit 1 Does Not Suggest Defendants Relied On Legal Advice**

The government's advice-of-counsel argument further fails because Exhibit 1 does not demonstrate any reliance on legal advice. To put the advice of counsel at issue, a "[p]arty must *rely* on privileged advice from his counsel to make his claim or defense." *In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (emphasis added); *United States Equal Emp. Opportunity Comm'n v. George Washington Univ.*, 502 F. Supp. 3d 62, 87 (D.D.C. 2020) ("The key to a finding of implied waiver ... is some showing by the party arguing for a waiver that the opposing party *relies* on the privileged communication as a claim or defense or as an element of a claim or defense.") (emphasis

---

[2]     The Government's contradictory position—complaining that Defendants called attorneys "partners" while simultaneously seeking to prohibit any reference to attorneys at all—reveals its true agenda: preventing the jury from learning that defendants acted openly and transparently.

in original).  Because Exhibit 1 reflects no such reliance, it does not implicate advice-of-counsel concerns.

Courts have repeatedly rejected the government's expansive theory whereby every communication with a lawyer indicates an advice-of-counsel defense and thus waiver.  "The fact that communications might be helpful ... does not in itself waive the privilege" where the party "did not reveal the substance of his communications with his counsel."  *Knox v. Roper Pump Co.*, 957 F.3d 1237, 1249 (11th Cir. 2020).   The same principle applies to good faith defenses generally. Courts distinguish between good faith defenses that focus on the "nature of inquiry" undertaken by defendants—which do not require advice-of-counsel waiver—and formal reliance defenses that depend on legal advice received.  *CFIP Master Fund, Ltd. v. Citibank, N.A.*, 738 F. Supp. 2d 450, 474 (S.D.N.Y. 2010).  The key question is whether the dispute centers on "what [defendant] knew, not what the law requires."  *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, No. 93 Civ. 1317 (LMM) (RLE), 1996 WL 173138, at *3-4 (S.D.N.Y. Apr. 12, 1996).  Only when defendants' knowledge of the law is at issue can the privilege over attorney-client communications be waived as the result of a reliance on advice of counsel.  When evidence of the presence of an attorney is "probative of [the defendant's] state of mind," it is properly allowed.  *United States v. Weinstein*, No. CR 24-128 (MAS), 2025 WL 438344, at *10 (D.N.J. Feb. 9, 2025).

Here, the Defendants' evidence goes to their factual conduct and transparent business practices, not legal conclusions, advice sought, or advice received.  The Defendants seek to show that they immediately shared information about their activities with multiple parties as part of routine business transparency—conduct inconsistent with corrupt intent.[3]

---

[3]  Furthermore, consistent with this Court's ruling that, "Next Jump is the only party with standing to challenge the disclosure of documents," (Aug. 18, 2025, PM Tr. at 4:15-18),

The government's contrary position leads to an absurd result. If Mr. Kim took the stand and was asked who received his updates regarding Admiral Burke, does the government propose he would be gagged from giving a truthful response that some recipients were lawyers? Such a restriction would prevent the jury from understanding the full scope of the Defendants' transparency and would restrict the jury from hearing the truth, despite no privileged material being involved and no legal advice having been sought.

## C.     The Sword And Shield Doctrine Does Not Apply

The government's sword and shield argument mischaracterizes the Defendants' evidence and the applicable legal standard. That doctrine "applies only where there is an actual disclosure of privileged communications." *Oasis Cap., LLC v. Nason, Yeager, Gerson, Harris & Fumero, P.A.*, No. 22-81913-CIV, 2025 WL 1166990, at *5 (S.D. Fla. Mar. 14, 2025). Subject matter waiver occurs "only where the party holding the privilege seeks to gain some strategic advantage by disclosing favorable, privileged information, while holding back that which is unfavorable." *Id.*

Exhibit 1 discloses no privileged communications. It presents evidence of routine business transparency—sharing the same information with lawyers that they shared with investors, family, and employees. This demonstrates open conduct inconsistent with corrupt intent, not selective disclosure for litigation advantage.

Moreover, it is the government that has injected the issue of the Defendants' intent and transparency by charging them with acting "corruptly." The Defendants do not seek to use privilege as both sword and shield. Rather, "it is obviously wrong" for the government to "be the

---

Defendants cannot waive a privilege that they lack standing to invoke. *See United States v. Wells Fargo Bank, N.A.*, 132 F. Supp. 3d 558, 563 (S.D.N.Y. 2015) (rejecting assertion that an employee can assert an advice of counsel defense and thus "force disclosure of [his employer's] privileged information" over the employer's objection).

master of whether another party waives its privilege." *Trydel Rsch. Pty. Ltd. v. ITW Glob. Tire Repair, Inc.*, No. 21 C 4977, 2024 WL 3950213, at *9 (N.D. Ill. Aug. 27, 2024). "For a party to waive its privilege and work product protection, sword-and-shield style, it must make an *affirmative* attempt to use communications protected by a privilege to influence a decision maker." *Id.*

## II.    THE EVIDENCE IS ESSENTIAL TO DEFENDANTS' DEFENSE AND HIGHLY PROBATIVE

Section 201(b) requires proof that the Defendants acted "corruptly"—a meaningful mental state element that Congress included to distinguish criminal conduct from legitimate interactions. This Court recognized in Admiral Burke's trial that "corruptly" at least means "having an improper, wrongful motive or purpose." ECF No. 102-1 at 13-17.

Evidence of the Defendants' immediate transparency with lawyers, investors, family, and employees directly rebuts any inference of corrupt motive. When the Defendants shared the same information about their activities with multiple parties—including posting updates to investors and informing family members—this demonstrates conduct fundamentally inconsistent with consciousness of wrongdoing.

The probative value of this evidence substantially outweighs any potential prejudice. Unlike character evidence, transparency evidence directly addresses the mental state element the government must prove. It helps the jury determine the Defendants' actual motive and intent based on their contemporaneous conduct.

The government's end-run motion seeks to prevent the jury from considering highly probative evidence that defendants lacked the "improper, wrongful motive" that the government itself has defined as essential to the charges. This exceeds any legitimate evidentiary purpose and represents an attempt to relitigate issues after losing their objection during opening statements.

**III.    THE COURT SHOULD DEFER RULING ON EXHIBITS DX 442R, DX 444R, AND DX 621R**

The Court should defer ruling on Exhibits 442R, DX 444R, and DX 621R because the Defendants will only seek to admit these exhibits should one or both of the Defendants testify in their own defense.  Accordingly, the Court need not resolve the admissibility of those exhibits at this juncture.  *United States v. Bankman-Fried*, No. S6 22-CR-0673 (LAK), 2023 WL 6392718, at *3 (S.D.N.Y. Oct. 1, 2023) (holding pre-trial that "whether and to what extent the defendant should be permitted to argue or adduce evidence regarding the presence or involvement of lawyers will depend on the circumstances.  The best that can be done for now is to ensure that the Court will have sufficient notice to make appropriate rulings on a case-by-case basis").  Should the Defendants seek to admit those exhibits while on the stand, the Defendants' counsel will elicit on direct testimony that they were not seeking legal advice, and the Defendants will be subject to cross examination on the issue.

**CONCLUSION**

The government's motion should be denied as to DX 434 and Exhibit 1. No ruling on DX 442R, DX 444R, and/or DX 621R is necessary at this time.

Respectfully submitted,

DATED August 22, 2025                          /s/ William A. Burck
                                              William A. Burck

Reed Brodsky                          William A. Burck (DC Bar No. 979677)
GIBSON, DUNN & CRUTCHER LLP           Avi Perry (DC Bar No. 90023480)
200 Park Avenue                       John (Fritz) Scanlon (DC Bar No. 983169)
New York, New York 10166              Rachel G. Frank (DC Bar No. 1659649)
Work: (212) 351-5334                  QUINN EMANUEL URQUHART & SULLIVAN, LLP
Mobile: (917) 574-8200                1300 I Street NW, Suite 900
rbrodsky@gibsondunn.com               Washington, D.C.  20005
                                      Tel: (202) 538-8000
*Counsel for Defendant Meghan*        Fax: (202) 538-8100
*Messenger*                           williamburck@quinnemanuel.com
                                      aviperry@quinnemanuel.com
                                      fritzscanlon@quinnemanuel.com
                                      rachelfrank@quinnemanuel.com

                                      Christopher Clore (*pro hac vice*)
                                      QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                      295 5th Avenue
                                      New York, NY 10016
                                      Tel: (212) 849-7000
                                      Fax: (212) 849-8100
                                      christopherclore@quinnemanuel.com

                                      *Counsel for Defendant Yongchul "Charlie" Kim*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing motion was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

*/s/ William A. Burck*
William A. Burck (DC Bar No. 979677)

Dated: August 22, 2025