UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YONGCHUL "CHARLIE" KIM, and MEGHAN MESSENGER,<br><br>　　　　Defendants. | Case No. 1:24-cr-00265-TNM |

**MEGHAN MESSENGER'S AND YONGCHUL "CHARLIE" KIM'S**
**SUBMISSION OF ADDITIONAL REQUESTS TO CHARGE**

Ms. Messenger and Mr. Kim request that the Court include the following additions in its final jury instructions:

1. **There Are No Allegations Concerning Gifts and/or Gratuities**

The initial proposed jury instructions filed with the Court on or about July 11, 2025 at ECF No. 210-2 included a "Goodwill Gifts" instruction. *See* ECF No. 210-2 at 17-18. Ms. Messenger and Mr. Kim now request that the Court label this instruction as "Goodwill Offerings" and make clear that the government is *not* alleging that either Ms. Messenger or Mr. Kim offered Admiral Burke a gift or gratuity in exchange for a contract. This instruction is necessary because the government has put into evidence and drawn the jury's attention to Mr. Weisberg's zero tolerance policy against offering any gift or gratuity of any kind.

2. **Consider Each Defendant Separately**

The Court should instruct the jury that they must consider each defendant separately. Ms. Messenger and Mr. Kim propose the below instruction, based on the instruction given in a multi-defendant federal bribery case in the Southern District of New York, *United States v. Costanzo and Recio*, 22-CR-281-JPO, ECF No. 170 (Jury Charge), at 6 (S.D.N.Y. Nov. 8, 2023):

Mr. Kim and Ms. Messenger are on trial together. In reaching a verdict, you must bear in mind that innocence or guilt is individual. Your verdict must be determined separately with respect to each of Mr. Kim and Ms. Messenger, solely based on the evidence, or lack of evidence, presented against each person, without regard to the guilt or innocence of the other person.

You must be careful not to find either Mr. Kim or Ms. Messenger guilty merely by reason of relationship or association with other persons. The fact that one person may be guilty of an offense does not mean that his friends, relatives, or associates were also involved in the crime. You may, of course, consider those associations as part of the evidence in the case, and may draw

whatever inferences are reasonable from the fact of the associations taken together with all of the other evidence in the case. But you may not draw the inference of guilt merely because of such associations. In short, for each of Mr. Kim or Ms. Messenger, the question of guilt or innocence as to each count of the indictment must be individually considered and individually answered, and you may not find an individual person guilty unless the evidence proves his or her guilt beyond a reasonable doubt.

### 3. Mere Association is Insufficient to Establish a Conspiracy

The Court should instruct the jury that mere association with another is insufficient to establish a conspiracy between the two. The below instruction is based on the instruction given in *Costanzo and Recio*, ECF No. 170 at 36 (S.D.N.Y. Nov. 8, 2023):

A person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. A person may know, work with, or enter into business or friendship with an individual who is committing a crime without being a criminal himself. You may not find that the defendant you are considering is a member of a conspiracy merely because of a friendship or business association with alleged co-conspirators. Furthermore, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without agreement and participation is not sufficient. What is necessary is that a defendant participate in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

### 4. Good Faith Instruction

There is substantial evidence to show that Ms. Messenger and Mr. Kim acted in good faith. The Court should give a good faith instruction, once again patterned after the instruction given in *Costanzo and Recio*, ECF No. 170 at 48 (S.D.N.Y. Nov. 8, 2023):

Because the government must prove that the defendants acted willfully or with corrupt intent to establish their guilt on each of the charges, the "good faith" of a defendant is a complete defense to each count. Good faith means having a state of mind that is honest and absent of criminal intent. I say it is a "defense," but I want to make it clear a defendant has no burden of establishing his good faith. The burden remains on the government to prove beyond a reasonable doubt that a defendant acted willfully or with corrupt intent and, consequently, that he lacked good faith.

A person who acts or causes another person to act based on a belief that the intended action complies with the law is not punishable under the statutes relevant to this case merely because that belief turns out to be inaccurate, incorrect, or wrong. If a defendant believed in good faith that he was acting lawfully, even if he was mistaken in that belief, and even if others were harmed by his conduct, there would be no crime. Again, the burden of proving good faith does not rest with the defendants because the defendants do not have an obligation to prove anything in this case.

Whether a person acted in good faith, like whether he acted knowingly, intentionally, willfully, or with corrupt intent, is a question of fact for you to determine like any other question of fact.

### 5. Law Enforcement Officer's Testimony

The Court should instruct the jury about Special Agent Gardner's testimony, as it did in Admiral Burke's trial:

3

You heard the testimony of Special Agent Gardner. His testimony should be evaluated by you just as any other evidence in the case. In evaluating the agent's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he is a law enforcement officer.

### 6. Scope of Conspiracy

The evidence is clear that Admiral Burke lied to Ms. Messenger, Mr. Kim, and many others. The evidence also reflects that Admiral Burke took other steps for his own benefit, independent of any purported conspiracy with Mr. Kim and Ms. Messenger. The Court should instruct the jury that only acts that were reasonably foreseeable to each defendant are within the scope of the charged conspiracy. Ms. Messenger and Mr. Kim propose that this instruction be entitled "Scope of Conspiracy," follow right after the Court's instruction on "Existence of a Conspiracy," and submit the following language, adapted from 1 Criminal Jury Instructions for DC Instruction 7.103 and United States v. Geibel, 369 F.3d 682 (2d Cir. 2004), which discusses circumstances in which one alleged conspirator deceives other alleged co-conspirators:

A person in a conspiracy can only be held liable for conduct that was a reasonably foreseeable consequence of the conspiracy. When a person conceals or deceives his alleged co-conspirators, that person's conduct may not be reasonably foreseeable to those alleged co-conspirators. An act is also not a necessary or natural consequence of a conspiracy if it was undertaken against a defendant's express wishes.

4

Respectfully submitted,

DATED August 28, 2025

                                            /s/ *Reed Brodsky*
                                            Reed Brodsky (*pro hac vice*)

| | |
|---|---|
| Reed Brodsky (*pro hac vice*) | William A. Burck (DC Bar No. 979677) |
| Simone Rivera (pro hac vice) | Avi Perry (DC Bar No. 90023480) |
| GIBSON, DUNN & CRUTCHER LLP | John (Fritz) Scanlon (DC Bar No. 983169) |
| 200 Park Avenue | Rachel G. Frank (DC Bar No. 1659649) |
| New York, New York 10166 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| Work: (212) 351-5334 | 1300 I Street NW, Suite 900 |
| Mobile: (917) 574-8200 | Washington, D.C.  20005 |
| rbrodsky@gibsondunn.com | Tel: (202) 538-8000 |
| srivera@gibsondunn.com | Fax: (202) 538-8100 |
| | williamburck@quinnemanuel.com |
| *Counsel for Defendant Meghan* | aviperry@quinnemanuel.com |
| *Messenger* | fritzscanlon@quinnemanuel.com |
| | rachelfrank@quinnemanuel.com |
| | |
| | Christopher Clore (*pro hac vice*) |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 295 5th Avenue |
| | New York, NY 10016 |
| | Tel: (212) 849-7000 |
| | Fax: (212) 849-8100 |
| | christopherclore@quinnemanuel.com |
| | |
| | *Counsel for Defendant Yongchul "Charlie" Kim* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing motion will be filed forthwith electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

*/s/ Reed Brodsky*
Reed Brodsky (*pro hac vice*)

Dated: August 28, 2025