UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    v.<br><br>YONGCHUL "CHARLIE" KIM, and MEGHAN MESSENGER,<br><br>    Defendants. | Case No. 1:24-cr-00265-TNM |

**YONGCHUL "CHARLIE" KIM'S AND MEGHAN MESSENGER'S
MOTION FOR SUPPLEMENTAL JURY INSTRUCTIONS**

The defendants write to request three additions to the final jury instructions, as well as one modification of the draft final instructions. Specifically, the defendant submit (1) a proposed theory-of-defense instruction, (2) a proposed good-faith instruction, and (3) a proposed instruction clarifying that violations of ethics regulations or company compliance policies do not, standing alone, constitute criminal conduct. In addition, the defendants request that the Court add one sentence to the final jury instruction on bribery to specify that the only official act alleged in this case is the award of the January 2022 contract to Next Jump. For the Court's convenience, the defendants have attached here (1) the additional instructions proposed by the defendants, and (2) a redline showing the proposed modification of the final instruction on bribery.

Attached as Exhibit A is a revised request for a theory-of-defense instruction. As directed by the Court, the defendants have substantially pared down their previous draft of such an instruction.

Attached as Exhibit B is a proposed good-faith instruction. The defendants initially requested this instruction in ECF No. 301. As explained in that request, the proposed instruction is adapted from a good-faith instruction given in a recent federal bribery trial in the U.S. District Court for the Southern District of New York styled *United States v. Costanzo & Recio*, 22-CR-281-JPO, ECF. No. 170 (S.D.N.Y. Nov. 8, 2023). The proposed good-faith instruction is also consistent with the 11th Circuit's pattern criminal jury instructions. *See* 11th Circuit Pattern Instruction S17 (good-faith defense). As the Court knows well, one of the defendants' main theories in this case is that they acted in good faith reliance on what Admiral Burke instructed them. There is ample evidence of such a defense in this case. As just two examples, in April 2021, Admiral Burke told defendants he would act as custodian for Next Jump, *see* DX 155C, DX 50, DX 51; and in September 2022, Admiral Burke emailed the defendants to tell them that he would

"sit down with you and Meghan as situations arise and advise you on the Navy/DoD rules anytime," DX 83.  The inclusion of such an instruction is consistent with the law in this Circuit.  In *United States v. Hurt*, 527 F.3d 1347, 1351 (D.C. Cir. 2008), for example, the D.C. Circuit found that the district court had erred in refusing to give a good-faith instruction where good faith was a central theory of the defense.[1]

      Attached as Exhibit C is a proposed instruction clarifying that violations of ethics regulations or company compliance policies do not, standing alone, constitute criminal conduct.  The defendants initially requested this instruction in ECF No. 300.  This instruction is necessary because the government has introduced extensive testimony about alleged violations of Navy ethics regulations and Next Jump compliance procedures.  While the Court provided guidance on this issue during Agent Gardner's testimony, Trial Tr. Day 5PM 143:18-24, the defendants respectfully submit that the final instructions should address this matter more directly and unambiguously.  Such an instruction is consistent with instructions given by other courts in similar circumstances.  In *United States v. Stoecker*, for example, the court observed that "many violations of the bank's internal operating procedures do not alone create offenses prosecutable in federal court." 920 F. Supp. 867, 874 (N.D. Ill. 1996).  The court further explained that "any such violation [of internal rules] is not relevant to whether [defendant's] alleged conduct was or was not corrupt." *Id*. at 875.  Similarly, in *United States v. McCright*, the Fifth Circuit emphasized that "many violations of the bank's internal operating procedures do not alone create offenses prosecutable in federal court."  821 F.2d 226, 229 (5th Cir. 1987) (citing *United States v. Clark*, 765 F.2d 297, 303

---

[1] The D.C. Circuit affirmed the district court in *Hurt* because the district court had "adequately conveyed the substance of the requested instruction to the jury". 527 F.3d at 1351. As currently drafted, the Court's proposed instructions do not adequately convey the defendants' requested good faith instruction, since it does not make " abundantly clear that the jury must acquit [defendants] if they believed that [t]he[y] had a good faith but mistaken belief" in the lawfulness of their conduct. *Id*.

(2d Cir. 1985)). This instruction is also consistent with the instruction given in *Costanzo and Recio*, which involved bribery of DEA agents, and thus evidence of violations of DEA policy. 22-CR-281-JPO, ECF. No. 170.

Attached as Exhibit D are proposed revisions to the bribery instruction clarifying that the only official act alleged in this case is the award of the January 2022 contract to Next Jump, and that the only exchange was for the alleged job for Admiral Burke, not for example, the defendants paying for lunch with Admiral Burke or Next Jump paying for meals for Navy personnel. The defendants request these revisions to avoid jury confusion and ensure compliance with *McDonnell v. United States*, 579 U.S. 550 (2016). The Supreme Court emphasized in *McDonnell* that "the Government must identify a 'question, matter, cause, suit, proceeding or controversy' that 'may at any time be pending' or 'may by law be brought' before a public official.'" *Id*. at 568. To satisfy this requirement and provide proper guidance to the jury, the instruction must clearly delineate what specific official act the government alleges occurred. Based on the government's submissions and the evidence presented, the only official act alleged in this case is the awarding of Next Jump's contract with the United States Government in January 2022. Similarly, the government's evidence has only shown that the alleged job for Admiral Burke was the thing of value offered by the defendants for this official act, not their payment for lunch at Café Belga or their payments for meals for Navy staff who attended Next Jump trainings in person.

Respectfully submitted,

DATED September 1, 2025      /s/ *Reed Brodsky*
    Reed Brodsky

| | |
|---|---|
| Reed Brodsky (*pro hac vice*) | William A. Burck (DC Bar No. 979677) |
| Simone Rivera (*pro hac vice*) | Avi Perry (DC Bar No. 90023480) |
| GIBSON, DUNN & CRUTCHER LLP | John (Fritz) Scanlon (DC Bar No. 983169) |
| 200 Park Avenue | Rachel G. Frank (DC Bar No. 1659649) |
| New York, New York 10166 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| Work: (212) 351-5334 | 1300 I Street NW, Suite 900 |
| Mobile: (917) 574-8200 | Washington, D.C. 20005 |
| rbrodsky@gibsondunn.com | Tel: (202) 538-8000 |
| | Fax: (202) 538-8100 |
| *Counsel for Defendant Meghan Messenger* | williamburck@quinnemanuel.com |
| | aviperry@quinnemanuel.com |
| | fritzscanlon@quinnemanuel.com |
| | rachelfrank@quinnemanuel.com |

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

4

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this date, a copy of the foregoing motion was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                                             */s/ Reed Brodsky*
                                             Reed Brodsky (*pro hac vice*)

Dated: September 1, 2025