UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>YONGCHUL "CHARLIE" KIM, and<br>MEGHAN MESSENGER,<br><br>                Defendants. | Case No. 1:24-cr-00265-TNM |

**YONGCHUL "CHARLIE" KIM AND MEGHAN MESSENGER'S JOINT OPPOSITION TO THE UNITED STATES' MOTION TO CONTINUE TRIAL (ECF 361)**

Defendants Yongchul "Charlie" Kim and Meghan Messenger, by and through their undersigned counsel, respectfully oppose the government's Motion to Continue Trial (ECF No. 361). Defendants have repeatedly sought, and the government has repeatedly resisted, a speedy trial. The government now seeks to further delay proceedings because Person 2—one of several government witnesses who testified during Defendants' first trial—will be on a "planned vacation" during Defendants' April 2026 retrial. (*Id.* at 1.) But Person 2 is neither an "essential witness" nor "unavailable" under the Speedy Trial Act, and therefore the Court should deny the government's motion.

The government's repeated objections to Defendants' exercise of their speedy trial rights has severely delayed justice for Defendants. On August 2, 2024, for example, Defendants asked the Court for a speedy trial in 2024 and "to consider an earlier trial date if the Court decide[d] to sever the trial." ECF No. 40 (Aug. 2, 2024 Conf. Tr.) at 8:9-11, 12:15-16, 14:22-24. The government proposed March 2025, leading the Court to settle on February 2025. *Id.* at 11:20-23, 15:2-4. On September 23, 2024, Defendants requested a speedy severed trial and offered November 2024 as a trial date. ECF No. 53 (Sept. 23, 2024 Conf. Tr.) at 48:18-49:7. After speaking

\

with the government *ex parte*, the Court moved Defendants' trial to May 2025. *Id*. at 46:3-16, 49:24-25. On January 15, 2025, Defendants' trial was continued to August 2025. ECF No. 100 (Jan. 15, 2025 Conf. Tr.) at 16:24, 19:20-21. On September 11, 2025, the Court declared a mistrial, and, at a status conference on October 9, 2025, Defendants requested a speedy retrial, offering to try the case again in November 2025. ECF No. 359 (Oct. 9, 2025 Conf. Tr.) at 5:22-25, 6:16-18. Citing work- and personal leave-related conflicts, the government stated that it was only available beginning "[t]he first week of April" 2026. *Id*. at 7:25-8:1. Accordingly, the Court scheduled Defendants' retrial for April 27, 2026. *Id*. at 10:17-18.

The government now seeks to delay trial again, citing "Person 2's essential testimony and . . . unavailability." ECF No. 361 at 3. Person 2, however, is neither essential nor unavailable. *See* 18 U.S.C. § 3161(h)(3)(A) (excluding from Speedy Trial Act calculations "[a]ny period of delay resulting from the absence or unavailability of . . . an essential witness"). An "essential witness" is someone "so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice." *United States v. McNeil*, 911 F.2d 768, 773 (D.C. Cir. 1990) (quoting 93 Cong. Rec. 41622 (1974)).

Here, it is possible to proceed without Person 2. *See id.* In fact, following Defendants' first trial, jurors conveyed to counsel for Defendants and the government that they did not find Person 2 to be an impactful witness—hardly an "essential" one. Additionally, as the Court properly instructed the jury, Person 2 made an inconsistent statement under oath, hindering her testimony's putative value. *See* ECF No. 316 Instr. 2.216. In any case, if Person 2 were truly essential to the government's case, the government would have confirmed her availability *before* representing to the Court that it was available for trial in April 2026. The government had multiple weeks to do so following Defendants' first trial, and Person 2 would have readily relayed that she had a

scheduled vacation, given that it has been planned for the last "year and a half." ECF No. 361 at 1. Because Person 2 is not essential and the facts surrounding her alleged unavailability were readily knowable to the government before it agreed to an April 2026 retrial, the Court should deny the government's motion.

Even if Person 2 is deemed "essential," the government has not shown that Person 2 is "unavailable." *See* 18 U.S.C. § 3161(h)(3)(B) ("[A]n essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial."). Indeed, "[m]issing from the Government's Motion is any representation that the Government has offered to provide transportation for [Person 2] to return for trial," that Person 2 "has refused to voluntarily return" despite being subpoenaed, or that "it would be an undue hardship to provide . . . transportation" to Person 2 to return to the United States. *United States v. Reed*, 253 F. Supp. 3d 52, 61-62 (D.D.C. 2017) (witness was not unavailable where she had purchased tickets for a European vacation). Person 2 is a federal employee. It is impossible to imagine she would not appear if subpoenaed, and in fairness, her convenience and vacation schedule should not outweigh Defendants' speedy trial rights. Because the government has not "made reasonable efforts to secure" Person 2's presence at trial, it has not demonstrated that Person 2 is unavailable. *See id.* at 59.

In short, "the ends of justice served by" continuing Defendants' trial—convenience to Person 2 and the government—are dwarfed by Defendants' interests in a speedy one. 18 U.S.C. § 3161(h)(7)(A); *see also* ECF No. 81 (United States' Opposition to Defendant Burke's Motion to Adjourn Trial Date) at 1 ("Trial delays imperil the fair administration of justice."). Delay continues to prejudice Defendants, who have repeatedly sought to exercise their speedy trial rights. *See generally* ECF No. 81 at 4 (explaining that "the public and this Court have an interest in seeing

th[e] charges adjudicated without unnecessary delay"). For the foregoing reasons, the Court should deny the government's motion.

Respectfully submitted,

DATED January 12, 2026      */s/ William A. Burck*
                                                   William A. Burck

| | |
|---|---|
| Reed Brodsky (*pro hac vice*) | William A. Burck (DC Bar No. 979677) |
| Simone Rivera (*pro hac vice*) | Avi Perry (DC Bar No. 90023480) |
| GIBSON, DUNN & CRUTCHER LLP | John (Fritz) Scanlon (DC Bar No. 983169) |
| 200 Park Avenue | Rachel G. Frank (DC Bar No. 1659649) |
| New York, New York 10166 | Brett Raffish (*pro hac vice*) |
| Work: (212) 351-5334 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| Mobile: (917) 574-8200 | 555 13th Street, NW, Suite 600 |
| rbrodsky@gibsondunn.com | Washington, D.C. 20004 |
| srivera@gibsondunn.com | Tel: (202) 538-8000 |
| | Fax: (202) 538-8100 |
| | williamburck@quinnemanuel.com |
| *Counsel for Defendant Meghan Messenger* | aviperry@quinnemanuel.com |
| | fritzscanlon@quinnemanuel.com |
| | rachelfrank@quinnemanuel.com |
| | brettraffish@quinnemanuel.com |
| | |
| | Christopher Clore (*pro hac vice*) |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 295 5th Avenue |
| | New York, NY 10016 |
| | Tel: (212) 849-7000 |
| | Fax: (212) 849-8100 |
| | christopherclore@quinnemanuel.com |
| | |
| | *Counsel for Defendant Yongchul "Charlie" Kim* |

## CERTIFICATE OF SERVICE

  I hereby certify that on this date, a copy of the foregoing Opposition was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

*/s/ William A. Burck*
William A. Burck (DC Bar No. 979677)

Dated: January 12, 2026