UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YONGCHUL "CHARLIE" KIM and<br>MEGHAN MESSENGER,<br><br>Defendants. | Case No. 1:24-cr-00265-TNM |

**YONGCHUL "CHARLIE" KIM'S AND MEGHAN MESSENGER'S RENEWED MOTION FOR A GOOD-FAITH JURY INSTRUCTION AND CLARIFIED "CORRUPTLY" INSTRUCTION**

Defendants Yongchul "Charlie" Kim and Meghan Messenger respectfully renew their request for a good-faith jury instruction and for a clarified instruction on the meaning of "corruptly." As this Court is aware, Defendants sought these instructions before the first trial, ECF Nos. 115, 135, 210-2, 301, 303, and the Court did not include them in its final instructions as requested, ECF No. 316. Defendants respectfully renew these requests to preserve the issues and because both instructions are legally required and supported by substantial evidence.

Good faith is a complete defense when a defendant acts with an honest belief—even if mistaken—that his conduct is lawful. Such a belief negates the "corruptly" element the government must prove under 18 U.S.C. § 201(b)(1), which requires consciousness of wrongdoing. The D.C. Circuit has held that, where good faith is a theory-of-defense supported by sufficient evidence, defendants are entitled to an instruction explaining its legal effect. *United States v. Hurt*, 527 F.3d 1347, 1351 (D.C. Cir. 2008). That is precisely the situation here.

Substantial evidence supports Defendants' good-faith defense: Admiral Burke—a senior Navy officer—told Defendants he could serve as an "Ambassador/Custodian" for Next Jump and would advise them on Navy rules. A reasonable jury could conclude that Defendants relied on these assurances in good faith and thus did not act "corruptly." The Court's first trial instructions did not explain that good faith negates this element of bribery or instruct the jury to acquit if they believed Defendants acted in good faith. The requested instruction is necessary to ensure that the jury understands the legal consequence of finding good faith (i.e. that it must acquit) and applies the correct standard. Furthermore, the requested instructions are consistent with (a) instructions approved in other federal bribery cases and (b) pattern instructions from multiple circuits.[1]

---

[1] Defendants' proposed good-faith instruction is modeled on the instruction given in *United States v. Costanzo & Recio*, No. 22-CR-281 (JPO), ECF No. 170 at 48 (S.D.N.Y. Nov. 8,

Additionally, the jury must be clearly instructed that "corruptly" requires consciousness of wrongdoing. While the Court's instruction in the first trial defined "corruptly" as acting "knowingly and dishonestly for a wrongful purpose," it did not explain that this requires consciousness that one's conduct is unlawful and that a good-faith belief in the lawfulness of one's conduct—even if mistaken—negates this element. ECF No. 316 at 18.

These clarifications, as reflected in the requested instructions attached in Exhibit A, are necessary to ensure that the jury understands the legal standard and the relationship between good faith and the required mens rea.

A.  **Defendants Are Entitled To A Good Faith Instruction Under *Hurt***

A theory-of-defense instruction is warranted if there is "'sufficient evidence from which a reasonable jury could find'" for the defendant on that theory. *United States v. Hurt*, 527 F.3d 1347, 1351 (D.C. Cir. 2008) (quoting *United States v. Glover*, 153 F.3d 749, 754 (D.C. Cir. 1998)). Here, good faith is a theory-of-defense of Defendants' case, and there is ample evidence to support it.

The charges under 18 U.S.C. § 201(b)(1) require that Defendants acted "corruptly"—that is, with consciousness of wrongdoing. As the Supreme Court explained in *Snyder v. United States*, Section 201(b) contains two "defining characteristics": "the corrupt state of mind and the intent to be influenced in the official act." 603 U.S. 1, 11-12 (2024). The term "corruptly" requires "consciousness of wrongdoing." *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *see also* Br. for U.S., *Snyder v. United States*, 2024 WL 1116453, at 38-39; DOJ Manual § 2041.

---

2023), a recent federal bribery trial. It is also consistent with the Eleventh Circuit's pattern criminal jury instruction on good-faith defense. *See* 11th Cir. Pattern Instruction S17.

2

As the Supreme Court has emphasized, "wrongdoing must be conscious to be criminal." *Morissette v. United States*, 342 U.S. 246, 252 (1952).

A person who acts with an honest belief that their conduct is lawful cannot simultaneously act with consciousness that it is wrongful. Good faith therefore negates the "corruptly" element that the government must prove beyond a reasonable doubt. Where a defendant has a good-faith but mistaken belief in the lawfulness of his conduct, he lacks the mens rea required for conviction. *See Hurt*, 527 F.3d at 1351; *Richardson v. United States*, 403 F.2d 574, 575-76 (D.C. Cir. 1968).

The evidence here supports a good-faith instruction. In April 2021, Admiral Burke told Defendants he could act as an "Ambassador/Custodian" for Next Jump. Ex. B ("Ambassador/Custodian – he's asked us if he could be that for NxJ immediately."); Ex. C; Ex. D. When Defendants asked whether this role would create a conflict, Admiral Burke "said as long as we aren't a defense contractor (selling war fighting materials), he can work around out the details." Ex. C; *see also* Ex. D (similar); Ex. B ("He'[ll] check with the legal team as we are not defense contractors and believes through his power and influence, he could be a massive advocate."). In September 2022, Admiral Burke emailed Mr. Kim stating that, as he had done previously, he would "sit down with you and Meghan as situations arise and advise you on the Navy/DoD rules anytime." Ex. E. A reasonable jury could infer from this evidence that Defendants believed their conduct was lawful based on Admiral Burke's representations that he would guide them on compliance with military regulations.

### B.  The Court's Prior Instructions Did Not Adequately Convey The Substance Of The Good-Faith Defense

The Court's instruction in the first trial defined the mens rea element of Section 201(b)(1) by instructing the jury that to act "corruptly" means to act "knowingly and dishonestly for a wrongful purpose." ECF No. 316 at 18. The Court also included a section titled "Defense Theory

3

of the Case" stating that "Mr. Kim and Ms. Messenger contend that they acted in good faith and did not act 'corruptly' as that term is defined in the jury instructions for bribery." *Id*. at 20.

While these instructions properly defined the elements of the offense, they did not adequately convey the substance of the good-faith defense as required by *Hurt*. In *Hurt*, even though the district court erred by refusing a requested good-faith instruction, the D.C. Circuit affirmed because the instructions given "adequately conveyed the substance of the requested instruction to the jury." 527 F.3d at 1351. The Court found that the district court had "made abundantly clear that the jury must acquit [the defendant] if they believed that he had a good faith but mistaken belief" in the lawfulness of his conduct. *Id*. at 1352. Specifically, the jury was instructed that "if you believe that Mr. Hurt was unsure about the true ownership of the money ... then you must acquit him of the crime of theft of government property." *Id*.

Here, by contrast, the instructions did not tell the jury that, if they believed Defendants acted in good faith, they must acquit. The "Defense Theory of the Case" section merely noted Defendants' contention without explaining the legal consequence of finding good faith. The instructions did not explain what "good faith" means, did not clarify that an honest but mistaken belief in lawfulness negates the "corruptly" element, and did not emphasize that Defendants bear no burden of proving good faith. A reasonable juror reading these instructions would not understand that good faith—even if mistaken—requires acquittal. Indeed, even where the D.C. Circuit has found that a jury was adequately instructed in the absence of a specific good-faith charge, the court has noted that the jury was otherwise adequately informed of the legal force of the defense. *See, e.g.*, *Hurt*, 527 F.3d at 1351-52 (noting that the jury was instructed, "if you believe that Mr. Hurt was unsure about the true ownership of the money ... then you must acquit

4

him of the crime of theft of government property"). The jury instructions given at the first trial contained no such explanation.

### C. The Court Should Also Clarify The Definition Of "Corruptly" To Explicitly State Consciousness Of Wrongdoing Is Required

In addition to the explicit good-faith instruction, Defendants respectfully request that the Court clarify its definition of "corruptly" to state that this element requires the defendant to have acted with consciousness of wrongdoing.[2]

The Court's prior instruction that to act "corruptly" means to act "knowingly and dishonestly for a wrongful purpose," (ECF No. 316 at 18), was correct as far as it went, but it did not explicitly state that to act "corruptly" requires consciousness that one's conduct is unlawful, even though this interpretation is firmly established in Supreme Court precedent and widely followed by the circuits. In *Snyder*, the Solicitor General argued that the natural meaning of "corruptly" is "'normally associated with wrongful, immoral, depraved, or evil' conduct" and "is accordingly associated ... with '*consciousness of wrongdoing*.'" Br. for U.S., *Snyder v. United States*, 2024 WL 1116453, at 38-39 (emphasis added) (quoting *Arthur Andersen LLP*, 544 U.S. at 706 (2005) (limiting criminality to defendants "*conscious of their wrongdoing*") (emphasis added). As the Supreme Court stated decades earlier, "wrongdoing must be conscious to be criminal." *Morissette v. United States*, 342 U.S. 246, 252 (1952). Courts across the country have also applied this interpretation of "corruptly." *See United States v. Puma*, 596 F. Supp. 3d 90, 103 (D.D.C. 2022) ("Judges in this district have construed 'corruptly' to require 'a showing of 'dishonesty' or an 'improper purpose,' [or] 'consciousness of [ ] wrongdoing....'"); *United States v. Watters*, 717

---

[2] For the reasons explained above, the definition of "corruptly" should also make clear that good faith belief in the lawfulness of conduct—or reasonable reliance on government official guidance, even if ultimately incorrect—negates corrupt intent.

5

F.3d 733, 735 (9th Cir. 2013) (upholding jury instructions defining "corruptly" as acting with "consciousness of wrongdoing"); *United States v. Ng Lap Seng*, 934 F.3d 110, 142 n.32 (2d Cir. 2019) (in § 666 case, affirming jury instruction that "corruptly" required "conscious wrongdoing or, as has sometimes been expressed, a bad or evil state of mind"); *United States v. Plume*, 110 F.4th 1130, 1133 (8th Cir. 2024) ("To 'corruptly' persuade or influence another 'means to act 'with consciousness of wrongdoing.'").

The Fifth and Sixth Amendments guarantee that a jury must find each element of the offense beyond a reasonable doubt. *United States v. Gaudin*, 515 U.S. 506, 509-10 (1995). Here, the government must prove Defendants acted "corruptly"—with consciousness of wrongdoing. If the jury is not clearly instructed that good faith negates this element, they may convict even if they believe Defendants honestly, though mistakenly, believed their conduct was lawful. While Defendants ultimately consented to the Court's instruction in the first trial, they are re-raising their initial objections and requested instruction ahead of the retrial in light of apparent juror confusion on this issue during the first trial, based on the jury's discussion with all counsel after a mistrial was declared. Explicit good-faith and "corruptly" instructions are necessary to ensure the jury understands the legal relationship between Defendant's theory of the case and the required mens rea.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this renewed motion and instruct the jury using Defendants' proposed (a) good-faith instruction and (b) definition of "corruptly"—as set forth in Exhibit A.

6

Respectfully submitted,

DATED Feburary 6, 2026

    */s/ William A. Burck*
William A. Burck

| | |
|---|---|
| Reed Brodsky (*pro hac vice*) | William A. Burck (DC Bar No.: 979677) |
| Simone Rivera (*pro hac vice*) | Avi Perry (DC Bar No.: 90023480) |
| GIBSON, DUNN & CRUTCHER LLP | John (Fritz) Scanlon (DC Bar No.: 983169) |
| 200 Park Avenue | Rachel G. Frank (DC Bar No.: 1659649) |
| New York, New York 10166 | Brett Raffish (*pro hac vice*) |
| Work: (212) 351-5334 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| Mobile: (917) 574-8200 | 555 13th Street NW, Suite 600 |
| rbrodsky@gibsondunn.com | Washington, D.C. 20004 |
| srivera@gibsondunn.com | Tel: (202) 538-8000 |
| | Fax: (202) 538-8100 |
| *Counsel for Defendant Meghan Messenger* | williamburck@quinnemanuel.com |
| | aviperry@quinnemanuel.com |
| | fritzscanlon@quinnemanuel.com |
| | rachelfrank@quinnemanuel.com |
| | brettraffish@quinnemanuel.com |

Christopher Clore (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Tel: (212) 849-7000
Fax: (212) 849-8100
christopherclore@quinnemanuel.com

*Counsel for Defendant Yongchul "Charlie" Kim*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this date, a copy of the foregoing filing was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF and served to all counsel of record via electronic mail.

                   /s/ *William A. Burck*
                   William A. Burck (DC Bar No.: 979677)

Dated: February 6, 2026