## quinn emanuel trial lawyers | washington, dc

555 13th Street NW, Suite 600, Washington, District of Columbia 20004 | TEL (202) 538-8000 FAX (202) 538-8100

February 6, 2026

Brian Kelly
Rebecca Ross
Sarah Ranney
United States Attorney's Office
 for the District of Columbia
601 D Street NW
Washington, DC 20530
brian.kelly3@usdoj.gov
rebecca.ross2@usdoj.gov
sarah.ranney@usdoj.gov

Re:   *United States v. Charlie Kim and Meghan Messenger*, No. 24-cr-00265 (TNM) (D.D.C.)

Dear Counsel:

Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), Defendants Yongchul "Charlie" Kim and Meghan Messenger jointly provide you with the following expert witness disclosure in advance of the April 29, 2026 trial. Defendants expect to call Vice Admiral ("VADM") Herman Shelanski (Ret.), the Navy's former Inspector General, to testify about Navy ethics and conflict-of-interest rules.

Defendants anticipate that VADM Shelanski will opine on Navy ethics and conflict-of-interest rules governing contracting and post-retirement employment discussions, including their scope and applicability (or not) to Navy and private-sector personnel. VADM Shelanski is expected to testify that, in light of the applicable rules and training that flag officers receive, flag officers, such as Adm. Burke, are expected to know the rules and make sure they are followed during contracting and post-retirement employment discussions with private contractors. In particular, VADM Shelanski is expected to testify that a flag officer, not a contractor, is responsible for knowing and enforcing Navy ethics and conflict-of-interest rules. To this end, Defendants expect VADM Shelanski to testify that, in light of the applicable rules and training that flag officers receive, flag officers, such as Adm. Burke, would know when to recuse themselves during employment discussions with contractors. VADM Shelanski is expected to testify that contractors typically do not receive the same kind of training as flag officers and thus would not have the same knowledge. VADM Shelanski is also expected to testify that internal Navy rules do not apply to

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

private parties and, relatedly, that any rules concerning contractor-officer contact during a contracting action do not bind the private party. Defendants further expect VADM Shelanski to testify that he is aware of scenarios involving concurrent job and contracting discussions as the Navy's Inspector General and that, in some instances, a flag officer may have violated Navy ethics rules without intending to trade a contract for a job.

The basis of VADM Shelanski's testimony is the knowledge and experience he gained throughout his 38-year Navy career and tenure as a flag officer and the Navy's Inspector General. As the Inspector General, VADM Shelanski "was in charge of investigating any type of ethical violations in the Navy," which included conflict of interest violations. Aug. 27, 2025 Trial Tr. at 71:17-20. VADM Shelanski ultimately supervised "hundreds" of investigations during his tenure. *Id*. at 72:8-10. Accordingly, VADM Shelanski is intimately familiar with the Navy's code of conduct. *Id*. at 72:19-20.

Despite Defendants' reasonable efforts, Defendants were unable to obtain VADM Shelanski's signature on this disclosure. *See* Fed. R. Crim. P. 16(b)(1)(C)(v). On December 23, 2025, Mr. Kim's counsel requested the Navy's authorization for the release of expert testimony from VADM Shelanski. On January 30, 2026, the Navy denied Defendants' request. Defendants are concurrently moving for an order compelling the Navy to permit the release of expert testimony from VADM Shelanski. Defendants reserve the right to amend or supplement this disclosure to the extent that Defendants are ultimately permitted to speak with VADM Shelanski about their requested expert testimony.

Yours respectfully,

| | |
|---|---|
| William A. Burck | Reed Brodsky |
| Avi Perry | Gibson, Dunn & Crutcher LLP |
| John (Fritz) Scanlon | |
| Quinn Emanuel Urquhart & Sullivan, LLP | Attorneys for Meghan Messenger |
| Attorneys for Charlie Kim | |