UNITED STATES OFFICE OF
**GOVERNMENT ETHICS**

&#9733;

# Ethics Program Review

## Department of the Navy Headquarters

Report No.  17-47
September 2017

1201 NEW YORK AVE NW·SUITE 500·WASHINGTON DC·20005

The United States Office of Government Ethics (OGE) conducted a review of the Department of the Navy (DON) Headquarters ethics program between January and April 2017. The review covered program activities for calendar year 2016. The following report summarizes the results of that review.

## Contents

Objectives, Scope, and Methodology........................................................................................ 2
Agency Background ................................................................................................................. 3
Program Administration .......................................................................................................... 3
Financial Disclosure................................................................................................................ 4
Education and Training ........................................................................................................... 6
Ethics Counseling ................................................................................................................... 7
Agency-Specific Ethics Rules ................................................................................................ 7
Conflict Remedies.................................................................................................................... 8
Enforcement............................................................................................................................. 8
Special Government Employees.............................................................................................. 9
Agency Comments................................................................................................................... 10

## Objectives, Scope, and Methodology

**Objectives:** OGE provides overall leadership and oversight of the executive branch ethics program designed to prevent and resolve conflicts of interest. The Ethics in Government Act gives OGE the authority to evaluate the effectiveness of executive agency ethics programs.[1] OGE uses this evaluation authority largely to conduct reviews of agency ethics programs. The purpose of a review is to identify and report on the strengths and weaknesses of an ethics program by evaluating (1) agency compliance with ethics requirements as set forth in relevant laws, regulations, and policies and (2) ethics-related systems, processes, and procedures for administering the program.

**Scope:** OGE's review focused on all elements of the ethics program administered by the Assistant General Counsel (Ethics) (AGC(E)) within DON Headquarters. These elements include: program administration, financial disclosure, education and training, ethics counseling, agency-specific ethics rules on outside employment, conflict remedies, enforcement, and special government employees. OGE also examined the oversight and guidance AGC(E) provides for DON's ethics program department-wide.

**Methodology:** OGE examined a variety of documents provided by DON ethics officials, including DON's response to OGE's Annual Agency Ethics Program Questionnaire for 2016, written procedures for administering the ethics program, samples of public and confidential financial disclosure reports filed in 2016, ethics training materials, and a sample of the ethics counseling provided to employees. In addition, OGE met with agency ethics officials including the Acting General Counsel/Designated Agency Ethics Official, Deputy Judge Advocate General, the Assistant General Counsel, Ethics (AGC(E)), Deputy DAEOs, the Inspector

---

[1] *See* 5 U.S.C. app. § 402 and 5 C.F.R. part 2638.

General, and the Counsel of the Naval Criminal Investigative Service to clarify the information gathered, follow up on issues identified during the review, and discuss ethics program operations in further detail.

## Agency Background

The mission of DON is to maintain, train, and equip combat-ready naval forces capable of winning wars, deterring aggression, and maintaining freedom of the seas. DON has more than 276,000 uniformed and civilian employees in Washington, D.C. and worldwide. OGE's review focused on DON's Headquarters components. Specifically, the review covered the Office of the Secretary, the Office of the Judge Advocate General, the Office of the Chief of Naval Operations, and the Marine Corps.[2]

## Program Administration

Overall responsibility for DON's ethics program rests with the Secretary of the Navy.[3] The General Counsel of the Navy serves as the Designated Agency Ethics Official (DAEO) and the Judge Advocate General serves as the Alternate DAEO. The AGC(E) manages the day to day operation of the DON-wide ethics program and is co-located with the Deputy Assistant Judge Advocate General (Administrative Law) who supports the Alternate DAEO. DON ethics officials believe this co-location of the AGC(E) and Deputy Assistant Judge Advocate General (Administrative Law) facilitates consistency in the administration of the ethics program for both uniformed and civilian DON communities.

DON's ethics program is decentralized. The DAEO has designated six Deputy DAEOs to manage functions of the ethics program within their respective organizations.[4] Deputy DAEOs are assisted by approximately 800 attorneys department-wide who serve as ethics counselors. Additionally, first line supervisors serve as "agency designees" and carry out certain ethics-related tasks, including review of financial disclosure reports and approval of outside activity requests.

While DON's ethics program is decentralized, ethics officials have maintained lines of communication between the DAEO, headquarters ethics officials, and ethics counselors located throughout DON. For example, an ethics e-mail distribution list is used to issue advisories to DON ethics counselors regarding ethics-related issues. The AGC(E) also conducts 90-minute ethics roundtables with ethics counselors world-wide to discuss ethics-related issues. Additionally, a website is available to DON's legal community, which includes ethics counselors and support staff, to disseminate ethics information.

---

[2] The Office of the Secretary includes the Office of the Under Secretary, the offices of the four Assistant Secretaries and the Office of the General Counsel (collectively known as the Secretariat).
[3] See 5 C.F.R. 2638.107 and DOD 5500.7-R (Joint Ethics Regulation section 1-400.)
[4] The DAEO has delegated as Deputy DAEOs 1) Principal Deputy General Counsel, 2) Deputy General Counsel, 3) Counsel for the Commandant for the Marine Corps, 4) Deputy Judge Advocate General of the Navy, 5) Staff Judge Advocate to the Commandant of the Marine Corps, and 6) Assistant General Counsel (Ethics).

**Financial Disclosure**

Title I of the Ethics in Government Act requires that agencies administer public and confidential financial disclosure systems.[5]  Financial disclosure serves to prevent, identify, and resolve conflicts of interest by providing for a systematic review of the financial interests of officers and employees. The financial disclosure process also offers an opportunity for ethics officials to provide ethics-related counseling to report filers.

**Financial Disclosure Written Procedures**

Each executive branch agency must establish written procedures for collecting, reviewing, evaluating, and where applicable, making publicly available financial disclosure reports filed by the agency's officers and employees.[6] Chapter 7 of the Department of Defense (DoD) Joint Ethics Regulation (JER) serves as the written procedures for the administration of the public financial disclosure system for all of DoD, including DON.  These procedures comply with statutory requirements.

**Public Financial Disclosure**

Within 30 days of assuming a covered public filing position, an individual must file a public financial disclosure report.[7]  The individual must subsequently file an annual report by May 15 each year and a termination report within 30 days of departing the public filing position.[8]  The reports are required to be reviewed for potential conflicts of interest and certified within 60 days of receipt by the ethics office, unless additional information is being sought from the filer or remedial action is being taken.[9]

To evaluate the administration of DON's public financial disclosure system, OGE examined the 49 new entrant, 121 annual and 51 termination reports that were required to be filed at DON Headquarters in 2016.  Table 1 below presents the results of OGE's examination.

**Table 1.  OGE's Examination of DON's Headquarters Public Financial Disclosure Reports**

|  | New Entrant | | Annual | | Termination | | Total | |
|---|---|---|---|---|---|---|---|---|
| **Reports Examined** | 49 | | 121 | | 51 | | 221 | |
| **Filed Timely** | 42 | (86%) | 115 | (95%) | 44 | (86%) | 201 | (91%) |
| **Certified Timely** | 41 | (84%) | 82 | (68%) | 29 | (57%) | 152 | (69%) |

As indicated in Table 1, OGE found that only 69% of the reports examined were certified timely.  According to ethics officials, late certification was the result of technical glitches in the

---

[5] *See* 5 U.S.C. app.
[6] *See* 5 U.S.C. app. § 402(d)(1).
[7] *See* 5 C.F.R. § 2634.201(b).
[8] *See* 5 C.F.R. § 2634.201(a) and (e).
[9] *See* 5 C.F.R. § 2634.605.

electronic filing system, ethics counselors being on travel, and certifying officials waiting until all reports were collected so that they could be certified on the same date. Most notably, of the 51 termination reports OGE examined, only 29 (57%) were certified timely. This is consistent with the AGC(E)'s position that termination reports receive the lowest priority for certification because any potential conflict of interest would already have been resolved during the review of the filer's previous annual reports.

Despite the concerns regarding timeliness of certification, OGE did not identify any potential conflicts of interest that DON ethics officials had not already addressed and resolved. OGE examination of ethics officials' correspondence with filers indicated that questions were raised when assets were identified as potential conflicts.

<u>Recommendation</u>

1. Ensure that public financial disclosure reports are certified timely.

**Confidential Financial Disclosure**

Within 30 days of assuming a covered confidential filing position, an individual must file a confidential financial disclosure report.[10] The individual must also file an annual report by February 15 each year.[11] The reports are required to be reviewed for potential conflicts of interest and certified within 60 days of receipt by the ethics office, unless additional information is being sought from the filer or remedial action is being taken.[12]

To evaluate the administration of DON's confidential financial disclosure system, OGE reviewed a sample of 16 new entrant and 113 annual reports that were required to be filed at DON Headquarters in 2016. Table 2 below presents the results of OGE's review.

**Table 2. OGE's Examination of DON's Confidential Financial Disclosure Reports**

|  | New Entrant | | Annual | | Total | |
|---|---|---|---|---|---|---|
| **Reports Examined** | 16 | | 113 | | 129 | |
| **Filed Timely** | 7 | (44%) | 105 | (93%) | 112 | (87%) |
| **Certified Timely** | 15 | (94%) | 111 | (98%) | 126 | (98%) |

As indicated in Table 2, OGE found that 87% of the reports examined were filed timely and 98% were certified timely. However, while 94% of annual confidential reports were filed timely, only 44% of the new entrant reports were filed timely. As with the public reports OGE examined, ethics officials' correspondence with filers documented that questions were raised when assets were identified as potential conflicts.

---

[10] *See* 5 C.F.R. § 2634.903(b).
[11] *See* 5 C.F.R. § 2634.903(a).
[12] *See* 5 C.F.R. § 2634.605.

According to the AGC(E), identifying new entrant confidential filers is much more difficult than identifying new entrant public filers. Ethics officials noted that the regulatory definition of who is required to file a confidential report is inherently more difficult to apply than the more definitive guidance as to who is required to file a public report. In addition, ethics officials also noted that many new entrant confidential filers are not filers when they begin their employment with DON; rather, employees' job duties change over time and they become filers subsequent to their initial entry on duty. AGC(E) officials stated they were establishing a process in which Human Resources provides their office the names and contact information for all new Navy Secretariat employees on a bi-weekly basis.

<u>Recommendation</u>

2.  Ensure that new entrant confidential financial disclosure reports are filed timely.

## Education and Training

During the period covered by OGE's review, each agency's ethics training program was required to include at least an initial ethics orientation for all new employees and annual ethics training for covered employees.[13] An ethics training program is essential to raising awareness among employees about the ethics laws and rules that apply to them and the availability of agency ethics officials to provide ethics counseling.

**Initial Ethics Orientation**

To meet initial ethics orientation (IEO) requirements in 2016, all new agency employees were required to receive ethics official contact information along with the following material within 90 days of beginning work: (1) the Standards of Conduct for Employees of the Executive Branch (Standards of Conduct) and any agency supplemental standards of conduct to keep or review; or (2) summaries of the Standards of Conduct, any agency supplemental standards of conduct, and the Principles of Ethical Conduct (Principles) to keep. Employees were also to receive one hour of official duty time to review the material.

IEO for civilian employees is part of employee in-processing and includes verbal presentations, as well as written material. New military personnel receive IEO through their basic training or officer basic course. OGE reviewed the materials that DON used to provide IEO and determined that the materials met the applicable content requirements. OGE also determined that in 2016, IEO was provided to 98 % of new employees within 90 days of assuming their duties, as required. According to DON ethics officials, the remaining two percent of new employees eventually received IEO.

**Annual Ethics Training**

To meet the annual ethics training requirements in 2016, covered employees were required to receive annual training consisting of a review of: (1) the Principles; (2) the Standards

---

[13] Subsequent to the period covered by OGE's review, the regulation governing executive branch agency ethics training at 5 C.F.R. part 2638 was amended. These amendments became effective January 1, 2017.

of Conduct; (3) any agency supplemental standards of conduct; (4) the criminal conflict of interest statutes; and (5) ethics official contact information.  Training length and delivery method could vary by an employee's financial disclosure filing status.

In 2016, covered employees completed their annual training either on-line or during in-person training sessions. DON's PAS officials received one-on-one training from the AGC(E). OGE reviewed the materials DON used to provide training and determined that the materials met applicable content requirements.   OGE also determined that 93% of those whose public financial disclosure reports OGE examined and 88% of those whose confidential financial disclosure reports OGE examined received annual ethics training.  Completion of annual ethics training is tracked using DON's Total Workforce Management system.

## Ethics Counseling

The DAEO, acting directly or through other officials, is responsible for providing advice and counseling to prospective and current employees regarding government ethics laws and regulations, and providing former employees with advice and counseling regarding post-employment restrictions applicable to them.[14] A robust advice and counseling program is necessary to ensure that employees receive the guidance they need to comply with the ethics rules.

OGE examined a sample of the ethics-related counseling provided by the AGC(E) ethics office on a variety of issues. OGE found the counseling to be consistent with applicable laws and regulations.

## Agency-Specific Ethics Rules

An agency may modify or supplement the Standards of Conduct, with the concurrence of OGE, to meet the particular needs of that agency.[15] A supplemental standards of conduct regulation is issued jointly by the agency and OGE and is published in title 5 of the Code of Federal Regulations.

DoD has a supplemental regulation at 5 C.F.R. part 3601.  The supplemental regulation is also referenced in Chapter 2 of the JER.  Among other things, DoD's supplemental regulation requires financial disclosure filers to obtain written approval prior to engaging in outside employment with prohibited sources.

To evaluate DON's compliance with the DoD's prior approval requirement, OGE reviewed the outside activities that were reported on the public and confidential financial disclosure reports that OGE examined.  Seven outside employment activities were disclosed in these financial disclosure reports. OGE determined that two of the seven activities involved prohibited sources and that the relevant filers received the required prior approval.[16]

---

[14] *See* 5 C.F.R. § 2638.104(c)(4).
[15] *See* Executive Order 12674 and 5 C.F.R. § 2635.105.
[16] The other five were outside activities that were not with a prohibited source.

## Conflict Remedies

The primary criminal conflict of interest law prohibits an employee from participating in an official capacity in a particular matter in which he or she has a financial interest.[17]  Congress included two provisions that permit an agency to issue a waiver of this prohibition in individual cases. Agencies must consult with OGE, where practicable, prior to issuing such a waiver.[18] DON did not issue any waivers in 2016.

Additionally, the Ethics in Government Act expressly recognizes the need for PAS nominees to address actual or apparent conflicts of interest by requiring written notice of the specific actions to be taken in order to alleviate the conflict of interest.[19] This written notice is commonly known as an "ethics agreement."   In 2016, DON had only one PAS official with an ethics agreement and that official complied with the terms of the ethics agreement timely.

## Enforcement

Executive branch offices are required to notify OGE when they refer a potential violation of a conflict of interest law to the Department of Justice (DOJ) for possible prosecution.[20] In 2016, the Naval Criminal Investigative Service (NCIS) referred eight cases of potential criminal violations of the conflict of interest laws to DOJ and OGE received the required referral notifications.

During its review, OGE was informed that the Naval Inspector General conducts periodic reviews of the ethics program throughout DON.  The reviews are a part of the Naval Inspector General's more comprehensive Command Inspection process and include a checklist of ethics-related requirements.  The results of these reviews are shared with ethics officials and other high-level leadership, including the Secretary of the Navy. Recommendations in a Command Inspection report must be formally addressed by the Command.  The Command is required to prepare a formal action plan to address the problems identified.  Depending the circumstances, a follow-up inspection may or may not be conducted.

<u>Model Practice</u>

OGE identifies model practices and shares them when it appears they may benefit other executive branch agency ethics programs.  OGE considers the following to be a model practice implemented at DON Headquarters.

- The Naval Inspector General conducts periodic reviews of the ethics program in DON and shares the results with ethics officials and other high-level leadership.

---

[17] *See* 18 U.S.C. § 208.
[18] *See* Executive Order 12674.
[19] *See* 5 U.S.C. app. § 110.
[20] *See* 5 C.F.R. § 2638.206.

## Special Government Employees

A special government employee (SGE) is an officer or employee of the executive or legislative branch retained, designated, appointed or employed to perform official duties, full-time or intermittently, for not more than 130 days in any 365-day period.[21] SGEs are required to file financial disclosure reports and receive ethics training.

DON Headquarters has two advisory committees: the Secretary of the Navy's Advisory Panel (SNAP) and the Chief of Naval Operations (CNO) Executive Panel.  Members of both committees are SGEs.

SNAP provides the Secretary of Defense, through the Secretary of the Navy, with independent advice and recommendations on critical matters concerning the DON.  SNAP was established as a Federal Advisory Committee Act (FACA) committee.  The CNO Executive Panel is a non-FACA committee which provides facts and information and offers advice and opinions to the CNO.

**Financial Disclosure**

OGE examined 5 confidential financial disclosure reports filed by SNAP SGEs and 28 confidential reports filed by CNO Executive Panel SGEs in 2016.  Table 3 below presents the results of OGE's examination.

**Table 3.  OGE's Examination of DON Panels Confidential Financial Disclosure Reports**

| | | |
|---|---|---|
| **Reports Examined** | 33 | |
| **Filed Timely** | 33 | (100%) |
| **Certified Timely** | 27 | (82%) |

As indicated in Table 3, the reports were filed and generally certified timely.  While the Senior Ethics Counsel was preparing for OGE's ethics program review in January 2017, he discovered that three new members of the SNAP panel entered on duty in June 2016 and that they did not file financial disclosure reports or receive ethics training.  The Senior Ethics Counsel took steps to collect the reports and provide required training.  OGE did not identify any actual or potential conflicts of interest during its examination of reports.

**Ethics Training**

OGE determined that the SGE CNO Executive Panel members received required ethics training.  The training included information on the conflict of interest laws and ethics regulations that apply to Panel members and is provided when members first come on board and annually thereafter.  OGE determined that the training provided met content requirements.

---

[21] *See* 18 U.S.C. § 202(a).

OGE also determined that five SGE members of SNAP received annual ethics training, as required. The Senior Ethics Counsel gave an in-person ethics briefing supplemented with written materials to the five panel members on March 17, 2016.  However, the three new members who joined SNAP in June 2016, did not receive ethics training.  These three members attended meetings without having filed financial disclosure reports or receiving required ethics training.

Recommendations

3.  Ensure collection, review and certification new entrant confidential financial disclosure reports of the three members that joined the Secretary of the Navy's Advisory Panel after the annual ethics training brief in March of 2016 and ensure going forward the Senior Ethics Counsel is notified when new SNAP members join the Panel.

4.  Ensure the three new members of the Secretary of the Navy's Advisory Panel received new entrant and annual ethics training since March of 2016.

**Agency Comments**

DON was given the opportunity to review a draft version of this report.  DON provided additional information which was incorporated into the report as well as the comments provided below.

DEPARTMENT OF THE NAVY RESPONSES TO OFFICE OF GOVERNMENT ETHICS RECOMMENDATIONS

RECOMMENDATION #1.  Ensure that public financial disclosure reports are certified timely.

AGENCY RESPONSE. Upon further review by the Department of the Navy (DON), it appears that several reports were certified late due to requests for additional information. However, many of these reports that were certified untimely were due to the large number of reports and backlog of previous year's reports. In addition, due to the large volume of public financial disclosure reports, it is difficult to ensure supervisors are reviewing their subordinate's disclosure reports timely. The AGC(E) is establishing a process in which command ethics counselors will timely follow-up with filers' supervisors to ensure timely supervisor review and routing of reports to the appropriate ethics counselor. The ethics counselor will review and assist filers in correcting their reports prior to routing them to the Designated Agency Ethics Official for final review and certification.

The DON requests that the Office of Government Ethics (OGE) amend the report to explain that it only addresses the untimely certification of financial disclosure reports and does not address the timeliness of initial reviews and the continued correspondence between the certifying official and the filer to ensure that reports are accurate prior to certification.

(OGE response to DON request:  OGE acknowledges that reports were generally reviewed within 60 days of the date they were filed and that ethics officials conducted a thorough review.

Some reports were certified more than 60 days after the date they were received because ethics officials were seeking additional information.  OGE maintains that timely certification of reports is important in preventing conflicts of interest and ensuring the public's confidence in the integrity of agency programs.)

RECOMMENDATION #2.  Ensure that new entrant confidential financial disclosure reports are filed timely.

AGENCY RESPONSE . To ensure that all new entrant employees who are required to complete an OGE 450 report are timely identified, we are developing a process in which the DON Human Resources Division will provide the Office of the Assistant General Counsel (Ethics) (OAGC (E)) a report of all new employees and the date they received new employee ethics training on a biweekly basis.  This biweekly report will be used to contact each new employee to assist in determining the employee's filing status and assign the employee his/her financial disclosure report, if applicable. This process will allow for the assignment and completion of an OGE 450 within 30 days of commencement of employment with the DON.  In addition, the DON requires all requests for warrant packages to include an OGE 450 before the package may be approved.  Finally, for all other employees who are not new to the DON, but who are new entrants for OGE 450 filing purposes, the DON is working to educate employees and supervisors of the requirement to file within 30 days of assuming responsibilities which trigger the filing requirement.

RECOMMENDATION #3.  Ensure collection, review and certification of new entrant confidential financial disclosure reports of the three members that joined the Secretary of the Navy's Advisory Panel (SNAP) after the annual ethics training brief in March 2016 and ensure going forward the Senior Ethics Counsel is notified when new SNAP members join the panel.

AGENCY RESPONSE. Immediately after discovering the three members who joined the SNAP last summer without proper ethics documentation and review, the OAGC (E): (1) self-identified the problem to the OGE program review team; and, (2) requested and received the confidential financial disclosure reports from the three members. Upon receipt, the DON conducted a review of the meetings the new members participated in during 2016 to ensure that their participation in the meetings did not result in any violations of conflict of interest laws or regulations.  The review confirmed that no such violations had occurred.  To avoid any repetition of this error, the OAGC (E) coordinated with the Designated Federal Official (DFO) for the SNAP and arranged to be notified by the DFO of all new members immediately upon appointment to the SNAP, and to ensure that new members file an OGE 450 prior to participation in any committee meetings.  At the urging of the OAGC (E), the DFO also instituted an annual filing cycle, with subsequent reports due on May 1 of each calendar year.

RECOMMENDATION  #4.  Ensure the three new members of the Secretary of the Navy's Advisory Panel received new entrant and annual ethics training since March of 2016.

AGENCY RESPONSE.  The OAGC (E) provided ethics training to all committee members, including new members, at the May 18, 2017 meeting.  The OAGC (E) provided the

OGE program review team a copy of the meeting agenda and the materials used during the ethics training.